**MARDEN, Appellee,**

v.

**MARDEN, Appellant.**

[Cite as *Marden v. Marden* (1996), 108 Ohio App.3d 568.]

Court of Appeals of Ohio,
Twelfth District, Butler County.

No. CA95–03–045.

Decided Jan. 22, 1996.

*Dallas P. Powers,* for appellee.

*Clayton G. Napier,* for appellant.

KOEHLER, Judge.

Appellant, Eileen Fischer Marden, appeals from an order of the Butler County Court of Common Pleas, Domestic Relations Division, finding appellee, Dan A. Marden, in contempt of court for failure to comply with the terms of the parties' divorce decree. We affirm in part and reverse in part.

The parties, who were married in 1979, filed a petition for dissolution in 1989. A final decree of dissolution incorporating the parties' separation agreement was granted on January 20, 1990. Under the terms of the separation agreement, appellee was to pay spousal support of $1,000 per month for a period of seven years.

Appellant filed a motion for contempt on November 14, 1994, in which she alleged that appellee had failed to make any support payments since March 1992. At a January 30, 1995 hearing, a domestic relations referee found appellee in contempt and granted judgment to appellant for back support of $33,646.14. The referee also recommended that appellee be sentenced to three days in jail, "to be stayed on the condition that he make some payment on the current support each and every month."

Appellant's sole assignment of error on appeal is as follows:

"The trial court committed reversible error in modifying the terms of the spousal support order."

Appellant argues that the trial court's order modified the terms of the spousal support award by directing that appellee pay support in an amount other than $1,000 per month and that the court lacked jurisdiction to do so. We disagree.

A decreeing court does not have continuing jurisdiction to modify spousal support unless that court expressly reserves jurisdiction to modify. *Ressler v. Ressler* (1985), 17 Ohio St.3d 17, 18, 17 OBR 14, 15–16, 476 N.E.2d 1032, 1033. However, a court has both inherent and statutory authority to punish a party for failure to comply with a prior court order. *Dozer v. Dozer* (1993), 88 Ohio App.3d 296, 302, 623 N.E.2d 1272, 1276.

"Civil contempt" is defined as that which exists in failing to do something ordered by the court in a civil action for the benefit of the opposing party. *Beach v. Beach* (1955), 99 Ohio App. 428, 431, 59 O.O. 187, 188–189, 134 N.E.2d 162, 165–166. See, also, R.C. 2705.02.[1] Nonpayment of spousal support comes within the purview of R.C. 2705.02 and is classed as a civil contempt. *Id.* at 431, 59 O.O. at 188–189, 134 N.E.2d at 165–166. An appellate court will review a contempt finding under an abuse of discretion standard. *Dozer*, 88 Ohio App.3d at 302, 623 N.E.2d at 1276.

Appellant's contempt motion sought the court's enforcement, not modification, of the original decree of dissolution and invoked the trial court's inherent power to enforce its judgment, not its limited continuing jurisdiction in divorce actions. See *Quisenberry v. Quisenberry* (1993), 91 Ohio App.3d 341, 345, 632 N.E.2d 916, 918–919. The referee's recommendation, adopted by the trial court, in addition to granting judgment to appellant for the amount of back support, sentenced appellee to three days in jail for the contempt. The language of the

---

1. R.C. 2705.02 provides in pertinent part:

"A person guilty of any of the following acts may be punished as for a contempt:

"(A) Disobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court or an officer[.]"

order states that the jail sentence will be stayed "on the condition that [appellee] make some payment on the current support each and every month."

The language of the trial court's order does not change the amount of appellee's current support obligation, which is $1,000 per month. The order only stays appellee's jail sentence if he pays something each month towards that current obligation. By its plain meaning, and we hold accordingly, the trial court's order is an enforcement of the terms of the original dissolution decree, not a modification thereof. See *Quisenberry,* 91 Ohio App.3d at 345, 632 N.E.2d at 918–919.

We note, however, that in the case of a civil contempt, where the primary purpose of the punishment is remedial or coercive, the sanction must provide the contemnor with the opportunity to purge himself of his contempt. *Tucker v. Tucker* (1983), 10 Ohio App.3d 251, 252, 10 OBR 364, 365–366, 461 N.E.2d 1337, 1339. A contempt order which regulates future conduct "simply amounts to the court's reaffirmation of its previous support order and can have no effect since any effort to punish a future violation of the support order would require new notice, hearing and determination." *Id.,* citing *Matter of Grohoske* (June 16, 1983), Franklin App. No. 82AP–948, unreported, 1983 WL 3573.

The trial court's contempt order in this case attempts to regulate appellee's future conduct to the extent that it conditions suspension of appellee's jail sentence upon timely future payments towards his monthly support obligation. We therefore hold that this portion of the trial court's order does not allow appellee the opportunity to purge himself of his contempt and is void. Our holding does not affect that portion of the trial court's order granting judgment to appellant for $33,646.14 in back support.

The judgment is affirmed in part and reversed in part.

*Judgment accordingly.*

WILLIAM W. YOUNG, P.J., and POWELL, J., concur.