OPINION
Plaintiff-appellant David Schlott appeals from the January 11, 2000, Judgment Entry of the Tuscarawas County Court of Common Pleas.
 STATEMENT OF THE FACTS AND CASE
On November 16, 1992, a Petition for Dissolution of Marriage was filed by appellant David Schlott and appellee Barbara Hines, fka Schlott in the Tuscarawas County Court of Common Pleas. Pursuant to a Judgment Entry Decree of Divorce filed on January 22, 1993, the trial court dissolved the parties' marriage. The trial court, in its January 22, 1993, Judgment Entry, ordered the parties "to fulfill each and every obligation imposed by the Separation Agreement contained herein and agreed to by the Petitioners." Paragraph 13 of the Separation Agreement provided, in part, as follows: "WIFE shall assume and pay and shall indemnify and hold HUSBAND harmless upon the following obligations of the parties:1) Loan for a 1991 Palm Harbor at Greentree, Newark, Ohio."
Subsequently, a Motion for Contempt was filed by appellant on July 22, 1999. Appellant, in his motion and the attached affidavit, alleged that appellee had failed to make the payments on the loan for the 1991 Palm Harbor at Greentree and to hold appellant harmless on the obligations associated with the loan. A response to appellant's Motion for Contempt was filed by appellee on August 23, 1999. Thereafter, a hearing before a Magistrate was held on September 20 1999, on appellant's Motion for Contempt. At the September 20, 1999, hearing appellant testified that, as a result of appellee's late payments on the Greentree loan, his credit rating had been damaged and he was unable to obtain a loan. Although appellee testified that she had been delinquent in her payments on the Greentree loan, as of the date of the hearing, the Greentree loan was current with no past due payments or unpaid late charges. At no point, had appellant been required to make any payments on the Greentree loan. The Magistrate, pursuant to a Decision filed on October 15, 1999, declined to find appellee in contempt for failing to obey the prior orders of the court holding, in part, as follows: "Miss Hines [appellee] should not be found in contempt of the court's prior orders. Miss Hines has made all payments due pursuant to the Greentree loan obligation. Additionally, Mr. Schlott [appellant] has not paid any of those payments, nor has he paid any late fees."
Appellant filed an objection to the Magistrate's Decision on October 22, 1999. Appellee, with leave of court, filed a response to appellant's objection on January 3, 2000, to which appellant filed a reply on January 10, 2000. The trial court, as memorialized in a Judgment Entry filed on January 11, 2000, adopted the recommendations contained in the Magistrate's October 15, 1999, decision as the order of the court. It is from the trial court's January 11, 2000, Judgment Entry that appellant prosecutes his appeal, raising the following assignment of error:
 THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION FOR CONTEMPT ON THE BASIS THAT APPELLANT HAD NOT ACTUALLY BEEN DAMAGED AS A RESULT OF APPELLEE'S VIOLATION OF THE SEPARATION AGREEMENT.
 I
Appellant, in his sole assignment of error, argues that the trial court erred in denying appellant's Motion for Contempt. We agree. "`Civil contempt' is defined as that which exists in failing to do something ordered to be done by the court in a civil action for the benefit of the opposing party." Marden v. Marden (1996),108 Ohio App.3d 568, 570. "Proof of purposeful, willing or intentional violation of a court order is not a prerequisite to a finding of [civil] contempt." Pugh v. Pugh (1984), 15 Ohio St.3d 136. There must be clear and convincing evidence to support a finding of civil contempt. ConTex, Inc. v. Consolidated Technologies, Inc. (1988), 40 Ohio App.3d 94. This Court, in reviewing a trial court's determination of a motion for contempt, applies an abuse of discretion standard. See Marden, supra. . In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217. Upon review of the record in the case sub judice, we find that the trial court abused its discretion in denying appellant's Motion for Contempt. There is no dispute that, as of the date of the hearing in this matter, appellee was current on her Greentree loan payments and had no outstanding past due payments or late charges. Nor is there a dispute in the case sub judice that appellant never had to make any payments on the Greentree loan. However, at the hearing in this matter, appellant testified that because of appellee's continual late payments on the Greentree loan, his credit had been damaged and he was unable to get another loan "because of the risk." Transcript of Proceedings at 6. Appellee herself testified that she had been late on her loan payments and that she had no information that "would dispute the fact that [appellant] has been denied credit "due to her late payments." Transcript of September 20, 1999, hearing at 19 — 20. Clearly, because of appellee's repeated delinquent loan payments, appellant was harmed in the form of an impaired credit rating . At the time the parties entered into the Separation Agreement, appellant clearly did not bargain for the same. Appellee, therefore, technically failed to hold appellant harmless and to indemnify him against damage with respect to the Greentree loan. See Quisenberry v. Quisenberry (1993),91 Ohio App.3d 341. The trial court, therefore, abused its discretion in denying appellant's Motion for Contempt since such decision was unreasonable. We, however, do concur with the trial court's decision declining to hold appellee in contempt for failing to remove appellant's name from the Greentree loan. As the trial court noted in its January 11, 2000, Judgment Entry, "none of the language used in the Separation Agreement as a matter of law requires the Wife [appellee] to remove the Husband [appellant] from the loan, an act which she has little to no control." Accordingly, for the foregoing reasons, appellant's sole assignment of error is sustained.
The judgment of the Tuscarawas County Court of Common Pleas, Domestic Relations Division is reversed and this matter is remanded. Upon remand, the trial court is ordered to find appellee in contempt of the trial court's January 23, 1993, Judgment Entry and to impose a sanction on appellee that is commensurate with her violation of such Judgment.
 ___________________ Milligan, V. J.
By Farmer, J. and Edwards,.J. concurs.