DECISION
Defendant-appellant, Randall D. Leuvoy, appeals from an order of the Franklin County Court of Common Pleas, Division of Domestic Relations, enforcing a suspended ten-day jail sentence based on a previous finding of contempt on the grounds that appellant had not complied with the purge order. A stay was granted pending this appeal.
Appellant and appellee, Barbara J. Leuvoy, were divorced in July 1992. Appellee was awarded custody of the parties' two minor children and appellant was ordered to pay $1,650 per month for child support. Appellant was also required to pay $1,900 in spousal support through December 31, 1992, then $2,000 per month until December 31, 1993, and then $2,100 per month until either appellee's death, remarriage or when the youngest child entered first grade, whichever event occurred first.
In 1995 and 1996, appellee filed motions for contempt based upon appellant's failure to pay both spousal support and child support. In 1995, appellant filed a motion to modify child support. In July 1997, appellant filed a motion to terminate spousal support because the youngest child entered first grade. After a hearing upon these motions, a magistrate found appellant guilty of contempt for failure to pay both child and spousal support for the time period of August 1, 1995 through September 1, 1997. Pursuant to the motion to modify child support, the magistrate increased the child support payments to $1,831.42 per month and appellant's motion to terminate spousal support was granted. Pursuant to the contempt findings, the magistrate found appellant in contempt for failure to pay both child and spousal support, and sentenced appellant to ten days in jail with the opportunity to purge based upon several conditions, including that appellant pay appellee $2,408.02 within sixty days, liquidate support arrearages at the rate of $1,250 per month plus processing charge, and pay appellee $7,500 for attorney fees within sixty days. Appellant filed objections which were overruled by the trial court. Appellant then appealed and this court affirmed the decision of the trial court. See Leuvoy v. Leuvoy (May 25, 2000), Franklin App. No. 99AP-737, unreported.
Appellee then filed a motion to enforce the suspended ten-day jail sentence on the grounds that appellant had not complied with the purge order. After a hearing, the trial court enforced the ten-day sentence. Appellant filed a notice of appeal and raises the following assignment of error:
 THE TRIAL COURT ERRED IN IMPOSING THE TEN (10) DAY JAIL SENTENCE WHERE THE EVIDENCE IS UNDISPUTED THAT THE AMOUNT OF MONEY PAID BY THE DEFENDANT EXCEEDED THE AMOUNT REQUIRED TO BE PAID AS A PURGE ORDER PURSUANT TO THE COURT'S PREVIOUS JUDGMENT.
By the assignment of error, appellant contends that the trial court erred in imposing the ten-day jail sentence because the evidence demonstrated that the amount of money paid by appellant exceeded the amount required to be paid to purge his contempt finding. Appellant argues that the amount he paid should be applied to the arrears and he has, therefore, paid more than required and purged his contempt. A contempt finding for failure to pay support is classified as civil contempt, which is defined as "that which exists in failing to do something ordered by the court in a civil action for the benefit of the opposing party." Marden v. Marden (1996), 108 Ohio App.3d 568, 570, citing Beach v. Beach (1955), 99 Ohio App. 428, 431. "Judicial sanctions for civil contempt may be employed to coerce a defendant into compliance with a court order." Burchett v. Miller (1997), 123 Ohio App.3d 550, 552, citing Cincinnati v. Cincinnati Dist. Council 51 (1973), 35 Ohio St.2d 197,206. Such sanctions will not be reversed unless there has been an abuse of discretion. Id.
At the hearing, appellant testified that he has not paid the $7,500 in attorney fees, has not paid $1,250 per month in addition to his current support obligations, and has not paid the $2,408. Appellee testified that she has received $2,000 per month for the last eighteen months, except for the month of July in which she received no payment. Since appellant was required to pay $1,250, plus his current support of $1,831.42 per month, he did not pay a sufficient amount. Ohio Adm. Code 5101.1-31-14 requires that funds received for child support must first be applied towards the current support due and the remaining funds are to be applied against arrears. Thus, appellant only paid $168.58 per month ($2,000 — 1,831.42 = $168.58) towards the arrears. Appellant did not pay in July at all. In In the Matter of Kenison (May 29, 1997), Franklin App. No. 96APF07-975, unreported, this court found that the failure to make one of the monthly required payments was sufficient to enforce the sentence pursuant to the contempt finding.
Appellant also argues that, pursuant to Marden and Tucker v. Tucker (1983), 10 Ohio App.3d 251, the purge order cannot include the requirement of paying current support. Appellant's reliance on these cases is misplaced. In Marden, the appellee was sentenced to three days in jail for contempt premised on a finding of failure to pay spousal support, but the language of the order stated that the jail sentence would be stayed "`on the condition that [appellee] make some payment on the current support each and every month.'" Marden, at 571. The court of appeals found that a contempt order which regulates future conduct is an affirmation of the previous order, has no effect and does not allow an opportunity to purge. In Tucker, the appellant appealed from an order finding him in contempt of court for failing to maintain his child support payments. The arrearage was paid before the judgment entry was filed and this court found that the order suspending plaintiff's punishment on the condition that he comply with the support order in the future did not properly allow plaintiff to purge.
This case is distinguishable from both Marden and Tucker. In Marden, the order specifically stated that it was contingent upon making future payments, and in this case the order permitted appellant to purge by making monthly payments on the arrearage amount. In Tucker, the arrearage had been paid and did not exist at the time the judgment in contempt was entered and the order was directed only to future conduct, and in this case the arrearage was not paid before the judgment entry was filed.
This court has already addressed this argument in Kenison. In Kenison, the purge order required a payment of $1,000 per month on the arrears in addition to the ongoing spousal support obligation. On appeal, appellant argued that this violated Tucker and this court found that any reliance upon Tucker was misplaced because the arrearage in Tucker did not exist at the time of the judgment. Thus, this argument has already been addressed and rejected.
Pursuant to App.R. 23, appellee filed a motion for attorney fees and costs incurred in defending this appeal. App.R. 23 provides, as follows:
 If a court of appeals shall determine that an appeal is frivolous, it may require the appellant to pay reasonable expenses of the appellee including attorney fees and costs.
"A frivolous appeal under App.R. 23 is essentially one which presents no reasonable question for review." Lordier v. Lordier (Apr. 13, 1993), Franklin App. No. 92AP-1208, unreported, at 1, citing Talbott v. Fountas (1984), 16 Ohio App.3d 226. We do not find the appeal was frivolous because appellant presented at least a colorable question of law as to the application of Marden and Tucker. Therefore, we deny the motion for attorney fees and costs.
For the foregoing reasons, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed and appellee's motion for attorney fees and costs are denied.
 ___________________ BOWMAN, J.
LAZARUS and KENNEDY, JJ., concur.