[This decision has been published in *Ohio Official Reports* at 93 Ohio St.3d 460.]

THE STATE EX REL. PHEILS *v.* PIETRYKOWSKI, JUDGE, ET AL.

[Cite as *State ex rel. Pheils v. Pietrykowski*, 2001-Ohio-1588.]

*Prohibition—Writ prohibiting judges of the court of appeals from considering the merits of an appeal—Writ granted, when.*

(No. 01-713—Submitted June 20, 2001—Decided October 17, 2001.)

IN PROHIBITION.

_____

*Per Curiam.*

{¶ 1} In February 1998, relator, David R. Pheils, Jr., filed a complaint for foreclosure against David and Ok Sun Palmer in the Lucas County Court of Common Pleas. In December 1999, the common pleas court journalized its entry granting summary judgment to Pheils. In July 2000, Pheils voluntarily dismissed his claim for appraisal, advertisement, and sale of the subject property pursuant to Civ.R. 41(A)(1) and subsequent to an agreement with the bankruptcy trustee.

{¶ 2} On December 11, 2000, the common pleas court entered a judgment denying the Palmers' Civ.R. 60(B) motion "for contempt/sanctions" and all other pending motions. The judgment entry contained a file-stamp date as well as a handwritten date of December 11 and a "cc" notation listing the parties, including Pheils, Ok Sun Palmer, and David Palmer. On December 11 or 12, 2000, the civil bailiff for the common pleas court judge who presided over Pheils's case served a copy of the December 11 judgment entry upon all parties, including the Palmers, by regular U.S. mail. On January 18, 2001, the Palmers filed a notice of appeal with the Court of Appeals for Lucas County from the court's December 11 judgment entry, which the Palmers erroneously referred to as a December *21* judgment entry.

**{¶ 3}** On March 15, 2001, Pheils filed a motion to dismiss the Palmers' appeal because it was not filed within the time permitted by App.R. 4(A). Pheils attached a copy of the docket sheet in the common pleas court case, which established that the December 11, 2000 judgment had been journalized on December 11, 2000. The docket did not, however, contain any notation that the *clerk* had served the parties with notice of the judgment and the date of its entry.

**{¶ 4}** The Palmers filed a memorandum in opposition to the motion claiming that the time for filing a notice of appeal from the December 11, 2000 judgment was tolled because proper service of the entry had not been effected by the clerk of the common pleas court. In their memorandum, the Palmers admitted receiving a copy of the common pleas court's December 11, 2000 judgment entry from an unspecified third party on or about December 21, 2000.

**{¶ 5}** In his reply, Pheils attached a copy of an affidavit of the trial court judge's bailiff, who specified that he had served the December 11, 2000 judgment entry on the Palmers on December 11 or 12, 2000, by sending copies of the entry by regular mail.

**{¶ 6}** In April 2001, the court of appeals denied Pheils's motion to dismiss the Palmers' appeal. The court held that the appeal had been timely filed under App.R. 4 for two reasons. First, the court asserted that the appellants had not been served with notice of the date the judgment was entered on the journal. Second, the court considered that service by the bailiff rather than by the clerk does not satisfy the requirements of Civ.R. 58(B).

**{¶ 7}** On April 16, Pheils filed this action for a writ of prohibition to prevent the respondents, the judges of the court of appeals, from considering the merits of the Palmers' appeal. Respondents have filed a motion to dismiss this prohibition action.

**{¶ 8}** Under S.Ct.Prac.R. X(5), we now determine whether dismissal of the complaint for a writ, an alternative writ, or a peremptory writ is appropriate. *State*

*ex rel. Cleveland Elec. Illum. Co. v. Cuyahoga Cty. Court of Common Pleas* (2000), 88 Ohio St.3d 447, 449, 727 N.E.2d 900, 902. We apply the following standards in this determination:

" 'Under S.Ct.Prac.R. X(5), dismissal is appropriate if it appears beyond doubt, after presuming the truth of all material factual allegations and making all reasonable inferences in favor of relator, that relator is not entitled to the requested extraordinary relief. If, on the other hand, the complaint may have merit, an alternative writ should issue. Finally, if it appears beyond doubt that relator is entitled to the requested extraordinary relief, a peremptory writ should issue.' " (Citations omitted.) *State ex rel. Dist. 1199, Health Care & Social Serv. Union, SEIU, AFL-CIO v. Lawrence Cty. Gen. Hosp.* (1998), 83 Ohio St.3d 351, 352-353, 699 N.E.2d 1281, 1282, quoting *State ex rel. Stern v. Mascio* (1998), 81 Ohio St.3d 297, 298, 691 N.E.2d 253, 254.

**{¶ 9}** In assessing Pheils's claim for a writ of prohibition, we note that if a court patently and unambiguously lacks jurisdiction to consider a matter, a writ of prohibition will issue to prevent a lower court from exercising jurisdiction regardless of the availability or adequacy of appeal. See *State ex rel. Corn v. Russo* (2001), 90 Ohio St.3d 551, 554, 740 N.E.2d 265, 268. More pertinently, we have issued a writ of prohibition to prevent a court of appeals from considering the merits of an appeal when that court patently and unambiguously lacked jurisdiction to do so. *State ex rel. Tollis v. Cuyahoga Cty. Court of Appeals* (1988), 40 Ohio St.3d 145, 148, 532 N.E.2d 727, 729-730.

**{¶ 10}** Pheils asserts that the court of appeals judges patently and unambiguously lack jurisdiction over the Palmers' appeal because the Palmers did not file a timely notice of appeal under App.R. 4(A). Section 3(B)(2), Article IV of the Ohio Constitution confers on courts of appeals "such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district." See, also,

*State ex rel. A & D Ltd. Partnership v. Keefe* (1996), 77 Ohio St.3d 50, 52, 671 N.E.2d 13, 15. An appeal from a lower court to a court of appeals is governed by the Rules of Appellate Procedure. R.C. 2505.03(C) and 2505.04. As Pheils correctly observes, the failure to file a timely notice of appeal in accordance with App.R. 4(A) is a jurisdictional defect. *State ex rel. Boardwalk Shopping Ctr., Inc. v. Cuyahoga Cty. Court of Appeals* (1990), 56 Ohio St.3d 33, 36, 564 N.E.2d 86, 89; *Donofrio v. Amerisure Ins. Co.* (1990), 67 Ohio App.3d 272, 276-277, 586 N.E.2d 1156, 1158-1159.

{¶ 11} App.R. 4(A) specifies that a party shall file a notice of appeal "*within thirty days of* the later of entry of the judgment or order appealed or, in a civil case, *service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure*." (Emphasis added.) Under App.R. 4(A), if service of the notice of judgment and its entry is made within the three-day period of Civ.R. 58(B), the thirty-day appeal period commences on the date of judgment, but if the appellant is not served with notice of judgment and its entry, the thirty-day appeal period is tolled until the appellant has been served. See, also, *Your Financial Community of Ohio, Inc. v. Emerick* (1997), 123 Ohio App.3d 601, 605, 704 N.E.2d 1265, 1267.

{¶ 12} Civ.R. 58(B) specifies that "[w]ithin three days of entering the judgment upon the journal, the clerk shall serve the parties in a manner prescribed by Civ.R. 5(B) and note the service in the appearance docket."

{¶ 13} The court of appeals erred in denying Pheils's motion to dismiss the Palmers' appeal. Initially, the record establishes that the Palmers *were* served with notice of both the December 11, 2000 judgment and its entry within the three-day period of Civ.R. 58(B) because the copy sent by the bailiff to the Palmers contained a date-stamp noting that the judgment was filed on December 11, 2000. In fact, respondents do not contend to the contrary in their dismissal motion, which is

confined to their assertion that the clerk of courts is the only office that can satisfy the service requirements of App.R. 4(A).

{¶ 14} Moreover, the failure of the clerk of the common pleas court to serve the Palmers with the December 11, 2000 judgment entry in accordance with Civ.R. 58(B) did not toll their time to appeal. In fact, Civ.R. 58(B) expressly states that "*[t]he failure of the clerk to serve notice* [of the judgment and its date of entry upon the journal] *does not affect* the validity of the judgment or the running of *the time for appeal except as provided in App.R. 4(A).*" (Emphasis added.) App.R. 4(A) provides that only a failure to serve a party within the three-day period after entry of the judgment tolls the appeal time.

{¶ 15} In *State ex rel. Hughes v. Celeste* (1993), 67 Ohio St.3d 429, 431, 619 N.E.2d 412, 415, we held that the failure of a trial court clerk to serve the requisite notice and to note this service on the case docket, in contravention of Civ.R. 58(B), did not toll the time for appellant therein to appeal a writ of mandamus and that the appellant was thus bound by the writ:

"The record in this case shows that the [common pleas] court's issuance of the peremptory writ of mandamus was journalized on January 10, 1991. The docket lacks an entry indicating that the court clerk served notice on the parties, nor does the record reveal any evidence of service. Such an apparent defect does not toll the running of the time for appeal, however, unless no service is effected within three days. App.R. 4(A); Civ.R. 58(B). This is not the case here. Civ.R. 5(B) provides that service be made 'by delivering a copy to the person to be served.' Appellant's attorney served the Governor's attorney, Assistant Attorney General Patrick A. Devine, with a copy of the peremptory writ on the day it was issued. Service was thus perfected in a manner consistent with Civ.R. 5(B)."

{¶ 16} Similarly, although the record here shows that the common pleas court docket is devoid of any entry that the court clerk served notice of the judgment on the parties, this noncompliance with Civ.R. 58(B) did not toll the running of the

thirty-day period for the Palmers to appeal the December 11, 2000 judgment. Civ.R. 5(B) provides that service may be made by "mailing it to the last known address of the person to be served * * *." It is uncontroverted that the bailiff for the trial court judge mailed copies of the December 11, 2000 judgment entry on the Palmers on December 11 or 12. And Civ.R. 5(B) provides that "[s]ervice by mail is complete upon mailing."[1]

{¶ 17} Therefore, service of the notice of judgment and its entry was perfected within the three-day period of Civ.R. 58(B), and the time for the Palmers to appeal began to run on December 11, 2000. App.R. 4(A); *Hughes*. The Palmers' January 18, 2001 notice of appeal was consequently untimely.

{¶ 18} Based on the foregoing, the court of appeals patently and unambiguously lacks jurisdiction to address the merits of the Palmers' appeal, and the presence of a potential appeal from a subsequent adverse judgment is immaterial. Because Pheils's "entitlement to the requested relief is evident and the pertinent facts are uncontroverted, no further evidence or argument is necessary to resolve this case, and we grant [the] peremptory writ." *State ex rel. DeBrosse v. Cool* (1999), 87 Ohio St.3d 1, 7, 716 N.E.2d 1114, 1119.

*Writ granted.*

DOUGLAS, Acting C.J., Resnick, F.E. SWEENEY and LUNDBERG STRATTON, JJ., concur.

PFEIFER, J., dissents.

COOK, J., dissents.

MOYER, C.J., not participating.

---

1. By so holding, we note that we do not condone the trial court's noncompliance with Civ.R. 58(B) and that it is preferable for that court and its clerk to follow the rule.

**Cook, J., dissenting.**

{¶ 19} Because I do not believe that the appellate court patently and unambiguously lacks jurisdiction, I would deny the writ.

_____

*David R. Pheils, Jr., pro se*.

*Julia R. Bates*, Lucas County Prosecuting Attorney, and *John A. Borell*, Assistant Prosecuting Attorney, for respondents.

_____