OPINION
Appellant, Brian K. Richendollar, appeals from a Trumbull County Common Pleas Court, Domestic Relations Division, judgment entry filed on March 6, 2001, pursuant to which he was sentenced to serve ten days in jail for contempt.
Appellant and appellee, Christina A. Richendollar, were married on November 18, 1994. Two children were born as issue of the marriage. Appellee filed for divorce on September 18, 1998. She simultaneously filed a motion for child and spousal support pendente lite. Pursuant to a magistrate's order filed on October 13, 1998, appellant was ordered to pay $555.58 per month in child support commencing October 1, 1998. On December 31, 1998, appellee filed a motion for contempt, alleging, in part, that appellant had failed to make his court-ordered child support payments. A magistrate's order was filed on February 11, 1999, finding appellant in contempt for failing to comply with the October 13, 1998 order. Pursuant to the February 11, 1999 order, appellant was sentenced to ten days in jail; however, he was given the opportunity to purge the contempt order if his child support payments were current by March 12, 1999.
The divorce was granted in a final decree of divorce filed on April 2, 1999. In that decree, the court of common pleas found appellant in contempt for non-payment of child support and issued a bench warrant for his arrest. The trial court's entry, however, did not incorporate the magistrate's sentence of ten days in county jail. On December 23, 2000, appellee filed a motion requesting specific enforcement of the February 11, 1999 magistrate's order finding appellant in contempt. In response to appellee's motion, a hearing was held on March 5, 2001. Subsequent to that hearing, the trial court, in its March 6, 2001 judgment entry, ordered that appellant serve ten days in jail for failing to purge his contempt order.
Appellant has filed a timely appeal and makes the following assignment of error:
 "The trial court erred in enforcing vague judgment entry language as to contempt. It also erred by not reviewing magistrate's orders issued prior to the final decree, to satisfy itself that such orders were appropriate and lawful."
 We are able to discern three issues raised by appellant within the context of his single assignment of error: (1) the magistrate erred by failing to inquire into appellant's ability to pay his child support arrearages; (2) the trial court erred by failing to conduct a further review of the magistrate's order of February 11, 1999; and (3) the trial court erred in sentencing appellant to serve ten days in jail for contempt because the trial court's April 2, 1999 judgment entry did not contain a definite sentence.
R.C. 2705.02 states that "[a] person guilty of any of the following acts may be punished as for a contempt: (A) Disobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court or officer * * *." The Supreme Court of Ohio has held that "* * * an order to pay child may be enforced by means of imprisonment through contempt proceedings * * *." Cramer v. Petrie (1994),70 Ohio St.3d 131, 136. A trial court's finding of contempt is reviewed under an abuse of discretion standard. Marden v. Marden (1996),108 Ohio App.3d 568, 570.
With respect to appellant's first argument that the magistrate should have inquired into his ability to pay his child support arrearages, we would note that there is no indication in the record before this court that appellant timely objected to the magistrate's order. Civ.R. 53(E)(3)(a) requires that objections to a magistrate's decision be filed within fourteen days of the date on which the decision was filed. Here, no objections were filed. Because appellant failed to object to the magistrate's order at a time when the trial court could have addressed an error in that order, he cannot now raise that issue on appeal, more than two years after the magistrate filed his order. Further, he cannot appeal the magistrate's decision. He must appeal from the trial court's judgment entry adopting the magistrate's decision. Appellant has failed to identify an error in that judgment entry.
Appellant's second argument is that the sentencing court erred by failing to conduct a further review of the magistrate's February 11, 1999 order. The record indicates that a hearing on appellee's contempt motion was set for March 5, 2001. Appellant was not entitled to additional evidential intake at that hearing. He had already been found in contempt. The sentencing court's responsibility was to review the trial court's findings contained in the final divorce decree. In the absence of evidence to the contrary, we will presume the regularity of the proceedings at the contempt hearing. Here, no transcript of that proceeding has been provided, and appellant has failed to raise any issues that suggest that the sentencing court did not fully review the previous order.
Appellant makes a third argument that the April 2, 1999 judgment entry was vague because it did not specify the sentence to be served by appellant for contempt. The contempt order was not a final appealable order until the sentence was imposed. In this case, the sentencing court awarded appellant a definite sentence of ten days. Appellant is appealing from that judgment entry. Therefore, we disagree with appellant's assertion that the judgment entry was vague because it failed to specify his sentence.
For the foregoing reasons, appellant's assignment of error is not well-taken, and the judgment of the Trumbull County Court of Common Pleas, Domestic Relations Division, is affirmed.
CHRISTLEY, j., GRENDELL, j., concur.