JOURNAL ENTRY and OPINION
{¶ 1} Appellant challenges a common pleas court order finding her in contempt of court for failing to comply with a judgment entry of divorce which required her to return certain property to appellee, her former husband. She also disputes the court's award of attorney's fees. For the following reasons, we affirm the court's rulings.
 PROCEDURAL HISTORY {¶ 2} The parties were divorced pursuant to a judgment entered October 30, 1999. In its entry, the court found that when the parties separated, appellee moved out of their fully furnished marital residence, taking a few items of personal property. He later returned for the remainder of his personal effects as well as power equipment and tools, but he took no furnishings at that time.
 {¶ 3} The residence was sold during the pendency of the divorce proceedings. Appellant gave away most of the parties' personal property and furniture, but she acknowledged to the court that the property could be recovered. When the court divided the marital assets, it held:
 {¶ 4} "Since the Defendant [appellant] has neither a need for or a desire to retain the items given away, and the Plaintiff [appellee] has expressed a great desire to receive these items, an equitable division of this property would require the Defendant to recover and return to the Plaintiff the living room furniture and televisions, less the two couches; the kitchen table and chairs, the dining room furniture, and the master bedroom furniture. All other property retained or given away by the Defendant would remain her property. Such division would not only be equitable and reasonable, but also close to an even division given the limited value of the property."
 {¶ 5} The court then ordered:
 {¶ 6} "IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Plaintiff is awarded all personal property and household goods currently in his possession as well as the parties living room furniture and televisions, less the two couches; the kitchen table and chairs; the dining room furniture; and the master bedroom set free and clear from any claim by the Defendant. Defendant shall return the items noted herein within twenty-one (21) days of this Order. * * * *"
 {¶ 7} On January 14, 2000, appellee filed a motion to show cause and for attorney's fees alleging that appellant had failed "to comply with the prior Orders of this Court pertaining to the return of various items to the Plaintiff, including personal property, furniture, and furnishings from the former marital residence." In an attached affidavit, appellee averred that appellant "violated the prior order of court by refusing to return the required items of property" to him.
 {¶ 8} A hearing on appellee's motion was held before a magistrate on June 7, 2001. Appellee appeared and testified at the hearing. Appellant did not, though her attorney was present and submitted one exhibit on her behalf.
 {¶ 9} The magistrate filed findings of fact and conclusions of law on September 28, 2001. The magistrate found that appellant "ha[d] an obligation to return those items of furniture as set forth in the Divorce Decree," and that she could not defend appellee's motion on the ground that she had given the property away because she had been ordered to recover those items and return them to appellee. The court found appellant had returned the kitchen table and chairs, a television set from the bedroom, and the dining room set, except for two chairs and the pads for all of the chairs. Items that appellee claimed had not been returned were the bed frame, box spring, headboard, two brass lamps, two night stands, a chest of drawers and a maple tree stand from the bedroom; a maple serving cart, a window table, a bench and a microwave from the dining room; and three lamps, TV trays with a stand, a television stand, a VCR, a recliner, a drop leaf table, a green rocking chair and a wooden footstool from the living room. The magistrate found that some of the items to which appellee claimed to be entitled were not furniture that he had been awarded.
 {¶ 10} The magistrate recommended that the court find appellant in contempt and sentence her to thirty days in jail, suspended on condition that she purge her contempt by returning to appellee those items of living room, dining room and master bedroom furniture that had not yet been returned and by paying $715.00 towards appellee's attorney fees.
 {¶ 11} Appellant objected to the magistrate's report, arguing that she had no notice of the specific items to which appellee claimed to be entitled. She asserted that a comparison of the list of living room, dining room and bedroom furniture which appellee requested at trial with the list of items delivered to him indicates that he received everything he requested. The court overruled this objection and adopted the magistrate's decision, ordering as follows:
 {¶ 12} "Plaintiff's Motion to Show Cause #48741 and for Attorney Fees #48712 are granted. Defendant Elizabeth Chojnowski is in contempt for not complying with the Court's order as it related to the division of household furniture and is sentenced to thirty (30) days in jail. Defendant's sentence is suspended on the condition that she purge her contempt by returning to Plaintiff Joseph Chojnowski within thirty (30) days of the journalization of this order those items of furniture from the living room, dining room and master bedroom that have not yet been returned and pay Defendant [sic] $715.00 towards [sic] Plaintiff's attorney fees.
 {¶ 13} "Should Defendant not pay the attorney fees in order to purge her contempt, she is nonetheless ordered to pay them in the amount of $715.00 for which judgment is rendered and execution shall issue.
 {¶ 14} "In the event that Defendant has not purged her contempt on or before the 30th day after the journalization of this order, the Court may order the foregoing sentence into execution, or in the alternative may order her to perform not less than 200 hours of community service in lieu of actual incarceration. Such service shall be performed at the direction of the Court Community Services and be subject to the Court's review."
 LAW AND ANALYSIS {¶ 15} In her first assignment of error, appellant complains that she in fact returned the items of bedroom, living room, dining room, and kitchen furniture which the court ordered her to return. Therefore, she claims, she was not in contempt of the court's order.
 {¶ 16} In support of this contention, she points to documents identified as plaintiff's exhibit 1 and defendant's exhibit A, which she claims to be complete lists of the items that were to be returned to appellee. She argues that she returned all of these items.
 {¶ 17} Original exhibits 1 and A are not included with the transcript of the magistrate's hearing; purported copies are attached to appellant's objections to the magistrate's report. Appellee's testimony at the magistrate's hearing identifies these documents as the almost identical receipts retained by each party identifying the items appellant delivered to appellee after the entry of the divorce decree. There is no evidence that these lists were intended to be a complete accounting of the property appellant was required to deliver to appellee. Therefore, we reject the argument that appellant has returned all of the property she was required to return.
 {¶ 18} Appellant also contends that appellee received all of the bedroom, living room, dining room, and kitchen furniture he requested at the time of trial. This contention is incorrect, but more importantly, it is irrelevant. The issue is whether appellant complied with the court order, not whether she complied with appellee's requests at trial.
 {¶ 19} R.C. 2705.02 provides that disobedience of a lawful order of the court may be punished as for a contempt. A property division in a divorce decree may be enforced by contempt proceedings. Harris v. Harris
(1979), 58 Ohio St.2d 303. We apply an abuse of discretion standard to our review of a lower court's contempt finding. Marden v. Marden (1996),108 Ohio App.3d 568, 571.
 {¶ 20} We find no abuse of discretion here. The divorce decree required appellant to return to appellee "living room furniture and televisions, less the two couches; the kitchen table and chairs; the dining room furniture; and the master bedroom set." The court found appellant did return the kitchen table and chairs. Appellant also returned some of the living room and dining room furniture, but she did not return all of it. She did not return any of the master bedroom set except a television. Therefore, the court did not abuse its discretion by finding appellant in contempt for disobeying its prior order.[1] Accordingly, we overrule the first assignment of error.
 {¶ 21} Appellant's second assignment of error asserts that the court erred by awarding attorney's fees to appellee. She claims there was no evidence of the parties' relative incomes and expenses, as required by Local Rule 21 of the Cuyahoga County Court of Common Pleas, Domestic Relations Division. Furthermore, she contends, there was no evidence of appellant's ability to pay fees, nor was there any determination whether either party would be prevented from litigating that party's rights and adequately protecting his or her interests if the court did not award reasonable attorney's fees, as required by R.C. 3105.21(H).
 {¶ 22} R.C. 3105.21(H) would presumably support an award of fees in contempt proceedings, but it is not the only authority for such an award. Ohio courts have long held that a trial court has discretion to award reasonable attorney's fees against a party found guilty of civil contempt, even in the absence of a statute specifically authorizing the award. State ex rel. Fraternal Order of Police v. Dayton (1977),49 Ohio St.2d 219, 230-31. This authority applies in domestic relations proceedings as well as other kinds of cases. McEnery v. McEnery (Dec. 21, 2000), Franklin App. No. 00AP-69. Therefore, the more specific requirements of Local Rule 21 and R.C. 3105.21(H) do not control. The second assignment of error is also overruled.
Affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court, domestic relations division to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, J. and COLLEEN CONWAY COONEY, J. CONCUR.
[1] To the extent appellant is unsure what property she must return to appellee to purge her contempt, she may seek guidance from the domestic relations court.