{¶ 1} This is an appeal of a judgment of the Mahoning County Court of Common Pleas enforcing a prior verdict of civil contempt against Joseph M. McCree ("Appellant") in a divorce case.
 {¶ 2} The parties have been before this Court on previous occasions. McCree v. McCree (Jan. 13, 1997), 7th Dist. No. 95 CA 231;McCree v. McCree (Mar. 22, 2000), 7th Dist. No. 98 CA 129.
 {¶ 3} On August 14, 1992, Deborah Ann McCree ("Appellee"), filed for divorce from Appellant. She was granted a divorce on October 20, 1995. Appellee was designated as the residential parent of their three children. Appellant was ordered to pay child support and spousal support. The court also held that Appellant was in arrearage of prior temporary child and spousal support in the amount of $20,934.72.
 {¶ 4} The divorce decree was overturned on appeal to this Court, and a new divorce was granted on July 31, 1997. The trial court adopted the original determinations of child and spousal support and applied them to the new divorce decree.
 {¶ 5} On September 22, 2000, Appellee filed a motion to show cause, alleging that Appellant was in contempt of court for failure to pay child and spousal support totaling $52,665.56.
 {¶ 6} The contempt motion was heard before a magistrate on May 9, 2001.
 {¶ 7} The May 11, 2001, magistrate's decision found that Appellant was in arrears in child and spousal support in the amount of $55,274.11 as of March 15, 2001. The magistrate found Appellant to be in civil contempt of court for failure to pay child support and spousal support. The magistrate sentenced Appellant to 30 days in the Mahoning County Justice Center. The magistrate allowed Appellant to purge himself of the contempt:
 {¶ 8} "* * * by strictly complying with all of the Orders set forth below:
 {¶ 9} "(A) Defendant shall pay current child support of $267.34 per month, plus 2% processing fee;
 {¶ 10} "(B) Defendant shall pay current spousal support of $248.00 per month, plus 2% processing fee;
 {¶ 11} "(C) Defendant shall pay the additional amount of $100 per month, plus 2% processing fee, on the support arrearage commencing June 1, 2001."
 {¶ 12} The magistrate set a hearing for September 13, 2001, to determine if Appellant had complied with the contempt order.
 {¶ 13} The review hearing took place as scheduled on September 13, 2001. The evidence revealed that Appellant had paid only $153.00 per month, which was considerably less than the amount ordered by the court. The magistrate found that Appellant had not purged his contempt. (9/13/01 Magistrate's Decision.) The magistrate immediately committed Appellant to the Mahoning County Justice Center. (9/13/01 Commitment Order.)
 {¶ 14} Appellant filed objections to the magistrate's decision. Appellant listed three objections. None of the objections dealt with the conditions imposed upon Appellant in order to purge his contempt.
 {¶ 15} The trial court stayed the execution of Appellant's jail term on September 19, 2001, after Appellant had served six days in jail.
 {¶ 16} A hearing on the objections was held on November 16, 2001. At the hearing, Appellant tried to relitigate the terms of his child and spousal support orders. Appellant never challenged the conditions imposed upon him in order to purge the contempt verdict in the May 11, 2001, order.
 {¶ 17} The trial court filed its judgment entry on December 7, 2001. The court held that the issue of whether or not Appellant was in contempt of court was not in dispute, because Appellant had not objected to or appealed the May 11, 2001, contempt order. The court determined that the only issue under review was whether Appellant had fulfilled the terms necessary to purge his contempt. The court found that Appellant had not fulfilled the terms of the contempt order and, thus, failed to purge himself of contempt. The court overruled Appellant's objections and adopted the magistrate's report. Appellant was ordered to report to the jail on December 14, 2001, to serve out the remaining 24 days of his jail sentence.
 {¶ 18} Appellant filed this appeal on December 12, 2001.
 {¶ 19} Appellant's sole assignment of error asserts:
 {¶ 20} "The trial court committed reversible error and an abuse of discretion by not affording the contemnor the opportunity to purge himself of contempt."
 {¶ 21} Appellant's only assignment of error alleges that the May 11, 2001, contempt order set forth an illegal method for purging the contempt. Appellant faces an uphill battle in attempting this argument because he did not file an appeal of the original contempt order. The conditions set forth in order to purge the contempt verdict were imposed in the May 11, 2001, judgment entry, but Appellant is appealing a decision rendered on December 7, 2001. It is clear that the May 11, 2001, judgment was a final order. To constitute a final appealable order in a contempt proceeding, the order must contain both a finding of contempt and the imposition of a sanction. Chain Bike Corp. v. Spoke `NWheel (1979), 64 Ohio App.2d 62, 64, 18 O.O.3d 43, 410 N.E.2d 802. The May 11, 2001, order found Appellant was in contempt of court and imposed a sanction of 30 days in jail. Unlike many other contempt sanctions, this jail sentence was set to be automatically carried out on September 13, 2001, if Appellant did not appear at the scheduled compliance hearing. There was nothing more the trial court needed to do to complete the imposition of the jail sentence, although Appellant could have avoided going to jail by appearing at the compliance hearing and proving that he had purged the contempt. The trial court did not defer the sentencing aspect of the contempt hearing or defer imposing a specific sentence. Therefore, the May 11, 2001, judgment entry was a final, appealable order. Cooper v. Cooper (1984), 14 Ohio App.3d 327, 328, 471 N.E.2d 525. Appellant has waived his right to appeal the error he is now alleging by not filing a timely appeal of the original contempt order issued on May 11, 2001. App.R. 4(A); State ex rel. Pheils v. Pietrykowski (2001),93 Ohio St.3d 460, 462, 755 N.E.2d 893.
 {¶ 22} Even assuming the May 11, 2001, entry was not final, Appellant has waived his right to appeal this error by failing to properly object to the September 13, 2001, magistrate's decision which held that Appellant had not purged his contempt verdict. Appellant filed objections to that ruling, but none of them dealt with the conditions imposed in order to purge the contempt or the finding that he had not complied with these conditions. Appellant did not raise any arguments about the conditions for purging his contempt when he argued his objections at the November 16, 2001, hearing. Failure to raise a proper objection to a magistrate's decision generally constitutes a waiver on appeal of issues which could have been raised by objection. "A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." Civ.R. 53(E)(3)(b); In re Jeffreys (Feb. 20, 2002), 7th Dist. No. 01 BA 4.
 {¶ 23} Appellant is limited to appealing the court's determination as to whether or not Appellant fulfilled the requirements for purging his contempt, but Appellant has not alleged any error in that regard. Thus, Appellant's present appeal must fail.
 {¶ 24} Even assuming Appellant was timely in his appeal of the original contempt order, there does not appear to be any obvious error in the order.
 {¶ 25} Appellant correctly points out that an appellate court will not reverse a trial court's decision in a contempt proceeding absent a showing of an abuse of discretion. State ex rel. Ventrone v. Birkel
(1981), 65 Ohio St.2d 10, 11, 19 O.O.3d 191, 417 N.E.2d 1249.
 {¶ 26} Appellant argues that a civil contempt order must contain a method for the contemnor to purge the contempt. This argument is based on generally accepted law in Ohio that, "[v]iolations which are primarily offenses against the party for whose benefit the order was made, and where the primary purpose of punishment is remedial or coercive and for the benefit of the complainant, are civil contempts. The sanction must afford the contemnor an opportunity to purge himself of his contempt."Tucker v. Tucker (1983), 10 Ohio App.3d 251, 461 N.E.2d 1337, paragraph three of the syllabus.
 {¶ 27} Appellant argues that purge conditions that attempt to regulate future conduct are void, citing Marden v. Marden (1996),108 Ohio App.3d 568, 571, 671 N.E.2d 331. He claims that purge conditions that merely reaffirm a previous support order are void because such conditions merely regulate future conduct. Appellant argues that, according to Marden, such purge conditions are void ab initio.
 {¶ 28} Appellant's reliance on Marden is misplaced. Marden held that:
 {¶ 29} "The trial court's contempt order in this case attempts to regulate appellee's future conduct to the extent that it conditions suspension of appellee's jail sentence upon timely future payments towards his monthly support obligation. We therefore hold that this portion of the trial court's order does not allow appellee the opportunity to purge himself of his contempt and is void." Id. at 571, 671 N.E.2d 331.
 {¶ 30} Marden involved a situation where the purge condition was merely a repetition of an earlier support order. In the case at hand, the magistrate added an additional condition. The magistrate ordered Appellant to pay $100 per month, starting on June 1, 2001, to be applied to the arrearage. The court also ordered Appellant to make his regular monthly support payments ($267.34 for child support and $248.00 for spousal support). The court set a hearing for September 13, 2001, to determine if Appellant had complied with the order. Therefore, if Appellant had paid $400 toward his arrearage (for June 1st, July 1st, August 1st, and September 1st) prior to the September 13, 2001, hearing, presumably his contempt would have been purged. Pursuant to the court's order, the $400 would only have been credited to the arrearage if Appellant also made his regular support payments. Therefore, the court was not regulating future conduct, but allowing Appellant four months to make a $400 payment towards the arrearage.
 {¶ 31} Appellant never disputes the fact that he failed to pay the support and arrearage payments between June 1, 2001, and September 13, 2001, as ordered by the court. The transcript of the September 13, 2001, hearing reveals that Appellant only made payments of $153 per month. By not making his full child and spousal support payments, no part of his payment could be credited toward arrearage. Therefore, as of September 13, 2001, Appellant paid nothing toward his arrearage. Because Appellant failed to properly purge his contempt, the court implemented the sanction it imposed on May 11, 2001, and Appellant was taken to jail.
 {¶ 32} In conclusion, the record shows that Appellant has waived his right to challenge the issue asserted in this appeal. Furthermore, there is no error in the conditions set in order to purge contempt found within the May 11, 2001, judgment entry. The trial court had the authority to enforce the 30-day jail term imposed on Appellant. The December 7, 2001, judgment of the trial court is hereby affirmed.
Judgment affirmed.
Donofrio, J., concurs.
DeGenaro, J., concurs in judgment only with concurring opinion.