[Cite as *Lindholm v. Lindholm*, 2017-Ohio-2807.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


| | | |
|---|---|---|
| ERIC A. LINDHOLM, | : | |
| Plaintiff-Appellee/Cross-Appellant, | : | CASE NO. CA2016-08-073 |
| | : | O P I N I O N |
| - vs - | | 5/15/2017 |
| | : | |
| CHERYL L. LINDHOLM, | : | |
| Defendant-Appellant/Cross-Appellee. | : | |


APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
DOMESTIC RELATIONS DIVISION
Case No. 11DR35150


Rollman, Handorf & Conyers LLC, Jeffrey M. Rollman, 5740 Gateway Blvd., Suite 202, Mason, Ohio 45040, for appellee/cross-appellant

Andrea G. Ostrowski, 20 South Main Street, Springboro, Ohio 45066, for appellant/cross-appellee


**RINGLAND, J.**

{¶ 1} Cross-appellant, Eric Lindholm (Father), appeals a decision of the Warren County Court of Common Pleas, Domestic Relations Division, finding him in contempt.[1] For the reasons detailed below, we reverse the decision of the trial court and remand for further

---

1. This opinion only addresses Father's cross-appeal.

proceedings.

{¶ 2}   Father and Cheryl Lindholm ("Mother") were married with four children.   In 2012, the parties divorced and entered into a shared parenting plan.   The parties have since filed numerous post-decree motions.

{¶ 3}   In March 2015, the children's counselor voiced concerns to Father about Mother.   As a result, Father decided to keep the children from Mother during her scheduled parenting week and, significantly, kept the children out of school for concern that Mother would attempt to retrieve the children from school.   Father also filed a motion for emergency relief, but did not wait for a court ruling before resorting to self-help.   Father's concerns were never substantiated by law enforcement or by children's services.   Parenting time between the parties was ultimately re-established, but the record reveals that Mother missed several days of parenting time during the week of March 16 because of Father's actions.

{¶ 4}   Following a hearing, the magistrate found Father in contempt for violating the trial court's order regarding parenting time and ordered three days of jail, suspended on condition that he "comply with future orders regarding parenting time."   Father filed an objection to the magistrate's decision, which was overruled.   Father now appeals the decision of the trial court, raising a single assignment of error for review:

{¶ 5}   THE TRIAL COURT ERRED BY NOT GIVING THE PLAINTIFF A CHANCE TO PURGE THE CONTEMPT.

{¶ 6}   In his sole assignment of error, Father argues that the trial court erred by not providing him an opportunity to purge his contempt.   We agree.

{¶ 7}   Contempt is classified as civil or criminal depending upon the character and purpose of the punishment.   *In re W.F.*, 12th Dist. Fayette No. CA2010-10-029, 2011-Ohio-3012, ¶ 12.   Criminal contempt sanctions are punitive in nature, and such sanctions are designed to punish past affronts to the court and to vindicate the authority of the law and the

court. *In re A.A.J.*, 12th Dist. Warren No. CA2014-10-130, 2015-Ohio-2222, ¶ 43. Criminal contempt is usually characterized by an unconditional prison sentence, and the contemnor is not afforded an opportunity to purge himself or herself of the contempt. *Id.* Conversely, civil contempt renders punishment that is remedial or coercive and for the benefit of the complainant, and prison sentences are conditional. *Id.* A contemnor is said to "carry the keys of his prison in his own pocket" because the contemnor must be afforded the opportunity to purge his civil contempt. *Id.*; *Marden v. Marden*, 108 Ohio App.3d 568, 571 (12th Dist.1996) (sanction for civil contempt must give the contemnor an opportunity to purge himself of the contempt).

{¶ 8} The trial court suspended Father's sentence on condition that he "comply with future orders regarding parenting time." The trial court, citing *In re A.A.J.*, overruled Father's objections on the following basis:

> The Court cannot create a proper remedy in the form of a purge order that undoes Father's conduct that resulted in the contempt finding. Without the power to turn back time, the Court is therefore limited in its options to fashion a remedy. As such, the Court is satisfied with the purge order requiring future compliance.

{¶ 9} Based on our review, we find the trial court erred by not providing Father with an opportunity to purge his contempt. The reliance on *In re A.A.J.* was misplaced because the present situation is factually distinguishable. In that case, a father decided that he would no longer take his child to softball practices or games during his parenting time. *Id.* at ¶ 5. The father was found in contempt for violating the terms of the court's order regarding extracurricular activities and the parties' duty to facilitate the child's participation. *Id.* at ¶ 6. The trial court found the father in contempt, sentenced him to three days in jail, suspended on condition that he not prohibit the child's participation in future extracurricular activities. *Id.*

{¶ 10} In affirming the trial court even though there was no purge provision, this court

found:

> The record is clear that Father's violation of the court order related to not taking the child to past games and practices during his parenting time. As Father's contempt consisted of past violations of the court order, the juvenile court did not provide a purge mechanism because there is no way for Father to provide the child with a chance to make up the games or practices.
>
> * * *
>
> [W]e can think of no other way to permit Father to purge when his contempt is directly based upon his refusal to allow the child to participate in games and practices that have already occurred. Those games and practices cannot be held again or made up, so that the only way Father can purge himself of his contempt is to permit the child to participate in future practices and games.

*Id.* at ¶ 46-47. Stated another way, this court's decision was based on the fact that there was no other way to permit appellant to purge his contempt because the games and practices had already occurred.

{¶ 11} While it is true that we cannot turn back time to redo Mother's missed parenting time, we believe an appropriate purge provision can be constructed to comport with the purposes of civil contempt and allow Mother to make up parenting time that was inappropriately withheld. We do not believe that the present situation is analogous to the circumstances in *In re A.A.J.* Here, there is no evidence of any special significance to the days that Father withheld the children from Mother, nor is there any evidence to suggest that there was any event that cannot be held again or made up. The trial court could have allowed a purge provision on condition that Father grant Mother additional days of parenting time to account for the days during which Father withheld Mother's time.

{¶ 12} Accordingly, we find the trial court erred by failing to provide Father with an opportunity to purge his civil contempt order. In so doing, we again note the distinction between civil and criminal contempt. In cases involving civil contempt, the primary purpose of the punishment is remedial or coercive and the contemnor must be afforded an

- 4 -

opportunity to purge his contempt. *Marden*, 108 App.3d at 571. The trial court's order does not provide Father with an opportunity to purge his contempt and therefore subjects him to a three-day jail term until his youngest child is emancipated. As a result, we find Father's sole assignment of error has merit and therefore reverse the decision of the trial court for remand and inclusion of an appropriate purge provision.[2]

{¶ 13} Judgment reversed and remanded.

HENDRICKSON, P.J., and M. POWELL, J., concur.

---

2. Finally, we pause to address one additional concern that Father raises in his brief. While included in the same assignment of error, Father separately argues that Mother only filed transcripts for three out of the four days in support of her objections to the magistrate's decision. We fail to find any significance to Father's argument on this issue, as this cross-appeal does not address Mother's objections, but rather the legal issue of Father's contempt order. As a result, any such issue related to Mother's objections is not properly before this court.