[Cite as *Burke v. Burke*, 2014-Ohio-1402.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| LAURA L. BURKE | ) | CASE NO. 13 MA 24 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| JAMES C. BURKE | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Civil Appeal from the Court of Common Pleas, Domestic Relations Division, of Mahoning County, Ohio Case No. 92 DR 334 |
| JUDGMENT: | Reversed and Remanded. |
| APPEARANCES: | |
| For Plaintiff-Appellee: | Laura Burke, Pro se 3811 Mercedes Place Canfield, Ohio 44406 |
| For Defendant-Appellant: | Atty. Steven H. Slive Slive & Slive Co., L.P.A. 526 Superior Avenue, Suite 935 Cleveland, Ohio 44114 |

JUDGES:

Hon. Cheryl L. Waite
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated: March 28, 2014

WAITE, J.

**{¶1}** Appellant James C. Burke is appealing, for the second time, the purge condition imposed by the trial court after it found him in contempt for failing to pay spousal support. In the previous appeal, we held that the trial court's prior order allowing Appellant to purge his contempt by paying his future monthly support obligation was not a valid purge condition. *Burke v. Burke*, 7th Dist. No. 11 MA 166, 2012-Ohio-6279, ¶32 ("*Burke I*"). We held that the purge condition was merely a reaffirmation of the original support order and was an attempt to regulate Appellant's future conduct rather than punish him for past conduct. *Id.* at ¶31. We voided the purge condition and remanded the case to the trial court. *Id.* at ¶44. On remand, the trial court ordered Appellant to pay an additional $100 each month toward his spousal support arrearage. Appellant argues that the new purge condition again regulates future conduct, and furthermore, does not allow him a reasonable opportunity to satisfy the purge condition. We agree with Appellant that the new purge condition attempts to regulate future conduct, is unclear, and does not take into account his financial hardship, which is a matter of record. We once again void the purge condition and remand the case for a new purge condition to be imposed.

## Background

**{¶2}** The history of this case can be found in *Burke I*. Briefly, the parties were married on August 26, 1978, and obtained a decree of dissolution on May 22, 1992. Appellant was ordered to pay $650 per month in spousal support. Appellant attempted to modify spousal support a number of times, but because the court did not reserve jurisdiction to modify spousal support, it overruled Appellant's motions to

modify. In 2003, Appellant began having financial troubles. He filed for bankruptcy in 2006. In 2007, Appellant's monthly spousal support payment was increased to $795.60 due to arrearages. He stopped making any spousal support payments after he was laid off in January of 2009.

{¶3} On January 21, 2011, Appellee filed a motion to show cause as to why Appellant should not be held in contempt for failing to pay spousal support. At the time the motion was filed, Appellee contended that Appellant owed an arrearage in excess of $27,000.

{¶4} After a hearing on May 25, 2011, the trial court found Appellant in contempt and ordered him to spend 10 days in jail. In the court's judgment entry of August 23, 2011, the court found that Appellant was in arrears on spousal support in the amount of $29,860.39 through May 31, 2011. The judgment entry stated that Appellant "may purge himself of said contempt by paying the monthly support payments beginning September 1, 2011." Appellant filed an appeal of many aspects of the contempt order, but the only issue that was reversed and remanded was the purge condition. We held that "the purported purge condition imposed by the trial court in this case is void insofar as it attempts to regulate James' future conduct." *Id.* at ¶28. On remand, the trial court deleted the offending language from paragraph 3 of the contempt order, and replaced it with the following: "Defendant may purge himself of said contempt by paying an additional $100 each month toward his lump sum arrearages." (1/30/13 J.E.) Appellant appealed this modified order on February 28, 2013. Appellee has not responded to this appeal. App.R. 18(C) states: "If an

appellee fails to file the appellee's brief within the time provided by this rule * * * the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."

<u>ASSIGNMENT OF ERROR</u>

The Court erred when it ordered a purge condition requiring Appellant to pay his spousal support order plus an additional $100.00 towards arrearages per month because this type of indefinite purge Order does not afford Appellant an opportunity to purge himself of the contempt and attempts to regulate future conduct of Appellant.

**{¶5}** Appellant makes two arguments on appeal. First, he argues that the condition for purging his contempt is an attempt to regulate future conduct, just as it was in the earlier appeal, and that the case should be remanded once again for the trial court to impose a legal purge condition. We agree with Appellant.

**{¶6}** Contempt proceedings can be described as primarily either civil or criminal. *Brown v. Executive 200, Inc.*, 64 Ohio St.2d 250, 253, 416 N.E.2d 610 (1980). Because all contempt involves some type of sanction or punishment, the distinction between civil and criminal contempt is defined by the purpose to be served by the sanction. *State ex rel. Corn v. Russo*, 90 Ohio St.3d 551, 554, 740 N.E.2d 265 (2001). If the sanction is remedial or coercive, and for the benefit of the complainant rather than the court, the contempt proceeding is usually classified as civil. *Brown* at 253. In civil contempt, the punishment is conditional, and for this reason the contemnor is said to carry the keys of his prison in his pocket because he

will be freed if he performs the condition. *Pugh v. Pugh*, 15 Ohio St.3d 136, 139, 472 N.E.2d 1085 (1984). The condition for terminating the contempt sanction is referred to as the purge condition. *Liming v. Damos*, 133 Ohio St.3d 509, 2012-Ohio-4783, 979 N.E.2d 297, ¶16.

**{¶7}** An appellate court will not reverse a trial court's decision in a contempt proceeding absent a showing of an abuse of discretion. *State ex rel. Ventrone v. Birkel*, 65 Ohio St.2d 10, 11, 417 N.E.2d 1249 (1981).

**{¶8}** Because contempt proceedings are based on the contemnor's violation of a previous court order, *i.e.*, for past conduct of the contemnor, a purge condition that punishes future conduct is invalid. *Burke I*, ¶30. This problem often arises in domestic relations cases, where the court attempts to punish a past failure to make support payments by requiring the contemnor to make future support payments. "A contempt order which regulates future conduct 'simply amounts to the court's reaffirmation of its previous support order and can have no effect since any effort to punish a future violation of the support order would require new notice, hearing and determination.' " *Marden v. Marden*, 108 Ohio App.3d 568, 571, 671 N.E.2d 331 (12th Dist.1996). This is what had occurred in *Burke I*.

**{¶9}** The new condition that the trial court imposed after the case was remanded creates a similar problem. The court reduced Appellant's arrearages to a lump sum judgment, but then required Appellant to pay $100 per month on his arrearages, which technically no longer existed because they were converted to a new money judgment. Since the old arrearages no longer existed, any payments

that Appellant was ordered to make referred to future payments on the newly created lump sum judgment.

**{¶10}** Furthermore, for a purge condition to be valid, it must provide a "clear opportunity to purge the contempt" rather than regulate future conduct. *Frey v. Frey*, 197 Ohio App.3d 273, 2011-Ohio-6012, 967 N.E.2d 246, ¶37 (3d Dist.); *see also, Marden*, *supra*, 108 Ohio App.3d at 571. In this case, it is not clear how long Appellant must continue to make the additional $100 monthly payments in order to satisfy the purge condition. We conclude that the purge mechanism was unclear, regulated future conduct, and did not provide Appellant with a reasonable opportunity to satisfy the purge mechanism.

**{¶11}** Appellant's second argument is that the purge condition does not give a reasonable opportunity to purge his contempt because it requires him to make his full spousal support payments and an extra $100 per month until his entire lump sum judgment is paid off. He contends that he does not have the means to make these payments, and that his financial hardship is a matter of record. Appellee did not file a response in this appeal, and Appellant's version of the facts is consistent with the findings presented in the trial court's judgment entry of August 23, 2011. The court was fully aware of Appellant's financial hardships, his medical problems (including four heart attacks and triple-bypass surgery), his bankruptcy, his diligence in paying off his child support arrearages, and his fairly consistent payment of spousal support from 1992 through 2008. Appellant does not own a home, drives a ten-year-old Dodge truck, and supports himself mainly on Social Security and withdrawals from

savings accounts.  Given these facts, Appellant could not reasonably meet the purge condition set by the trial court.

### Conclusion

**{¶12}** We sustain Appellant's assignment of error.  Similar to our decision in *Burke I*, we again void the purge condition contained in the trial court's judgment entry of January 30, 2013, and we remand this case so that a clear and distinct purge condition can be imposed that does not regulate future conduct and takes into account Appellant's financial hardship.

Vukovich, J., concurs.

DeGenaro, P.J., concurs.