[Cite as *Seoud v. Bessil*, 2016-Ohio-8415.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| MICHELLE SEOUD | ) | CASE NO. 15 MA 0090 |
| | ) | |
| PETITIONER-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| JOHNNY BESSIL | ) | |
| | ) | |
| RESPONDENT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS: Civil Appeal from the Court of Common Pleas, Domestic Relations Division, of Mahoning County, Ohio
Case No. 06 FS 13

JUDGMENT: Affirmed.

APPEARANCES:

For Petitioner-Appellee: Atty. John Caroline
Mahoning County Child Support
Enforcement Agency
345 Oakhill Ave
Youngstown, Ohio 44503
No Brief Filed

For Respondent-Appellant: Atty. Jan R. Mostov
4822 Market St., Suite 230
Boardman, Ohio 44512

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated: December 23, 2016

WAITE, J.

{¶1} Appellant Johnny Bessil appeals a June 2, 2015 Mahoning County Common Pleas Court decision finding him in contempt for failure to pay child support. Appellant argues that the trial court abused its discretion by imposing a thirty-day jail sentence when he substantially complied with the purge conditions and is financially unable to fully comply. For the reasons provided, Appellant's arguments are without merit and the judgment of the trial court is affirmed.

Factual and Procedural History

{¶2} Appellant and Appellee Michelle Seoud lived in New York together as a married couple. On March 9, 1999, a New York court's judgment entry terminated their marriage. As part of the parties' oral stipulations, Appellee was given custody of their two minor children. Appellant also stipulated that his child support payments be increased from $50 per week to $60 per week. On March 22, 2003, the court ordered that his payment increase to $66 per week based on a cost of living adjustment. The increase took effect on May 30, 2003.

{¶3} Sometime thereafter, Appellant moved to Mahoning County. On July 20, 2006, Mahoning County Child Support Enforcement Agency ("MCCSEA") filed a "UIFSA" motion for Registration Enforcement Only. According to the motion, Appellant had not made a child support payment since July 13, 2005 and, Appellant owed $20,638.00 in arrearage. Neither party contested the filing. Consequently, on November 29, 2006, the foreign support order became enforceable in Ohio.

{¶4} On March 16, 2007, Appellant filed a motion for recalculation of child support with the Mahoning County Common Pleas Court. The trial court ruled that,

according to Ohio law, only a New York court could modify the order since Appellee and the two children resided in New York. Shortly thereafter, Appellant's driver's license was suspended due to his failure to pay child support. On June 6, 2007, Appellant filed a motion to reinstate his driver's license and to set child support arrearage payments. At the hearing, Appellant requested that the court reduce his arrearage payments from $57 per month to $10 per month. Appellant stated that his monthly income was $300 and he paid $100 to rent a space for his work, leaving him with little income to pay his remaining bills. Appellant informed the court that he filed paperwork with a New York court seeking modification of his child support obligations; however, the process was moving slowly. The trial court granted the motion and lowered his monthly arrearage payment to $10 per month, in addition to the $66 weekly support payment.

{¶5} After a series of hearings where Appellee failed to appear either in person or by telephone, the trial court acknowledged its frustration with the lack of cooperation from Appellee and the New York courts regarding the contempt charge. On September 16, 2010, the court dismissed the charge due to lack of cooperation. On February 24, 2014, a second motion seeking contempt was filed. A hearing was held. Again, Appellant testified and Appellee failed to appear either personally or by telephone. The court scheduled a second hearing and ordered Appellee to appear either personally or by telephone. On June 26, 2014, a hearing was held where Appellee appeared by telephone. Both parties testified. Appellant's counsel

objected to Appellee's testimony, however, as she refused to provide her address, employment information, and failed to cooperate with his cross-examination.

{¶6} On July 18, 2014, the magistrate found Appellant guilty of contempt and sentenced him to thirty days in jail. The court suspended the sentence in order to give Appellant time to satisfy the following purge conditions: (1) resume his obligation to pay $66 of child support per week, (2) seek supplemental employment, and (3) establish a bank account to allow child support to be held through a wage withholding order. Appellant filed objections to the magistrate's decision. On November 26, 2014, the trial court overruled Appellant's objections and scheduled a compliance hearing for December 29, 2014.

{¶7} On January 2, 2015, the magistrate determined that Appellant failed to satisfy the purge conditions. In his decision, the magistrate acknowledged that Appellant had made the following payments since the contempt finding: $50 in September of 2014; $50 in October of 2014; $0 in November of 2014; and $130 in December of 2014. (1/2/15 J.E.) The court scheduled a second hearing for February 26, 2015, to give Appellant more time to meet the first condition, payment of child support.

{¶8} On March 4, 2015, the magistrate issued a decision after a second compliance hearing. As to the first condition, the magistrate found that Appellant had paid a little more than half of his monthly $286 obligations ($50 in September, $50 in October, no payments in November, $130 in December, $330 in January, and $133.32 in February). (3/4/15 J.E.) In regard to the second condition, the magistrate

found that while Appellant had obtained supplemental employment; it was insufficient. Appellant failed completely to abide by the third condition, as the magistrate found that Appellee did not dedicate a bank account for the withholding of child support. (3/4/15 J.E.) Accordingly, the magistrate imposed a thirty-day jail sentence.

{¶9} On March 12, 2015, Appellant filed a *pro se* objection to the magistrate's decision. Appellant argued that he had paid $244, not $133.32 in February. Appellant also argued that he opened a dedicated bank account on March 9, 2015. He noted that he is filing paperwork in New York to contest paternity and to seek modification of child support.

{¶10} On April 29, 2015, the trial court overruled Appellant's objections and adopted the magistrate's March 4, 2015, decision. Procedurally, the court noted that Appellant presented new evidence within his written objections and failed to file transcripts or an affidavit. Regardless, the trial court found that Appellant failed to meet his payment obligations. The court noted that even if Appellant is correct that he paid $244 instead of $133.32 in February, his payment was still insufficient. The court further found that Appellant did not establish the bank account until after the compliance hearing.

{¶11} On May 11, 2015, Appellant filed a motion to amend his sentence. In lieu of his thirty-day jail sentence, Appellant requested either a lower sentence or a fine with electronic monitoring or house arrest. Three days later, Appellant filed a motion for stay of execution while his motion to amend sentence was pending; the

stay was granted. On June 2, 2015, the trial court denied his motion to amend his sentence based on finding that he failed to purge himself of contempt in a timely manner. Appellant has timely appealed the June 2, 2015 entry. It is noted that Appellee failed to file a response brief.

{¶12} On June 11, 2015, Appellant filed a motion for emergency stay of execution of sentence pending appeal with this Court. We granted a temporary stay pending a hearing. After hearing, however, we denied Appellant's motion. Appellant filed a motion to reconsider and request for an oral hearing, which was also denied. Although he was unsuccessful in his motions for a stay, Appellant has stated that he has not yet served his jail sentence.

## ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED WHEN IT IMPOSED A THIRTY-DAY JAIL SENTENCE ON MR. BESSIL FOR CONTEMPT, DESPITE HIS UNCONTROVERTED TESTIMONY AT THE HEARING THAT HE COULD NOT AFFORD TO PAY CHILD SUPPORT IN THE SUM OF $286 PER MONTH.

{¶13} Appellant argues that he has substantially complied with the trial court's purge conditions. To the extent that he has not fully complied, Appellant argues that inability to pay child support is a recognized defense in Ohio. As he presented unchallenged evidence that he cannot afford his child support, he argues that the trial court abused its discretion in sentencing him to a jail term.

**{¶14}** A finding of contempt is entered when a party "disagrees or disobeys an order or command of judicial authority." *Spickler v. Spickler,* 7th Dist. No. 01 CO 52, 2003-Ohio-3553, ¶ 38, citing *First Bank of Marietta v. Mascrete, Inc.,* 125 Ohio App.3d 257, 263, 708 N.E.2d 262 (4th Dist.1998). "A court has inherent as well as statutory authority to punish a party for contempt." *Spickler, supra,* at ¶ 40, citing *Zakany v. Zakany,* 9 Ohio St.3d 192, 459 N.E.2d 870 (1984).

**{¶15}** Based on the purpose of the sanction, contempt is either classified as civil or criminal. *State v. Wright,* 7th Dist. Nos. 12 MA 143, 12 MA 144, 2014-Ohio-775, ¶ 10, citing *State v. Kilbane,* 61 Ohio St.2d 201, 205, 400 N.E.2d 386 (1980). If the intent of the sanction is to coerce the contemnor to comply with a court order, the contempt proceeding is classified as civil. *Wright, supra,* at ¶ 10, citing *Kilbane, supra,* at 204-205. On the other hand, if the intent of the sanction is punitive in nature to vindicate the court's authority, then the contempt proceeding is classified as criminal. *Id.*

**{¶16}** When a proceeding is classified as civil, "the punishment is conditional, and for this reason the contemnor is said to carry the keys of his prison in his pocket." *Burke v. Burke,* 7th Dist. No. 13 MA 24, 2014-Ohio-1402, ¶ 6, citing *Pugh v. Pugh,* 15 Ohio St.3d 136, 139, 472 N.E.2d 1085 (1984). "The condition for terminating the contempt sanction is referred to as the purge condition." *Burke* at ¶ 6*,* citing *Liming v. Damos,* 133 Ohio St.3d 509, 2012-Ohio-4773, 979 N.E.2d 297, ¶ 16.

**{¶17}** In order for a court to find a person guilty of civil contempt, there must be clear and convincing evidence demonstrating the contempt. *Fallot v. Fisher,* 7th

Dist. No. 99 CA 61, 2000 WL 1847673, *2 (Dec. 12, 2000), citing *Sancho v. Sancho,* 114 Ohio App.3d 636, 642, 683 N.E2d 849 (3d Dist.1996). On appeal, a finding of civil contempt is reviewed for an abuse of the discretion. *In re Mapely,* 7th Dist. No. 07 MA 36, 2008-Ohio-1180, ¶ 7, citing *Holcomb v. Holcomb,* 44 Ohio St.3d 128, 541 N.E.2d 597 (1989). "The term 'abuse of discretion' connotes that the trial court's attitude was unreasonable, arbitrary, or unconscionable." *In re Mapely* at ¶ 7, citing *Blackmore v. Blackmore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶18}** Appellant was found guilty of civil contempt and was given three purge conditions. Beginning with the first, the trial court noted that while Appellant had resumed his payments, these payments were insufficient. Appellant argues that although his payments were less than he is obligated to pay, he has substantially complied with the condition.

**{¶19}** Appellant correctly states that substantial compliance is a defense to a contempt charge. See *McCree v. McCree,* 7th Dist. No. 08 MA 109, 2009-Ohio-2639, ¶ 27, citing *State ex rel. Curry v. Grand Valley Local Schools Bd. of Ed.,* 61 Ohio St.2d 314, 315, 401 N.E. 925 (1980). However, "such compliance would not preclude a finding of contempt." *Kurinec v. Kurinec,* 8th Dist. No. 76505, 2000 WL 1231551, *4 (Aug. 31, 2000), citing *Rose v. Rose,* 10th Dist. Nos. 96APF15-1550, 96APF11-1550, 1997 WL 142718.

**{¶20}** After the finding of contempt in July of 2014, Appellant made the following payments: $50 in September of 2014; $50 in October of 2014; $0 in November of 2014; and $130 in December of 2014. (1/2/15 J.E., p. 2.) Although the

trial court found that he was not in compliance at the December 29, 2014 compliance hearing, the court gave him an additional two months to comply. At a second compliance hearing on February 26, 2015, the trial court found that Appellant had made the following payments since the December 29, 2014 hearing: $330 in January of 2015 and $133.32 in February. (3/4/15 J.E., p. 3.) While Appellant claims in his brief that he paid $300 in March of 2015; $296 in April of 2015; and $1,750 in May, these payments were made after the compliance hearing. Aside from Appellant's own statement that he made these payments, there is no evidence to support his claim within the record.

{¶21} While Appellant's $330 payment in January of 2015 was sufficient, his $198 payment in February was not. In finding that Appellant failed to satisfy the purge conditions, the court stressed that he failed to make a complete payment in seven out of eleven months. (6/2/15 J.E., p. 1.) The court explained that Appellant could not satisfy his obligations through payments that are "inconsistent, sporadic, or in amounts that [Appellant] sees fit to pay." (6/2/15 J.E., p. 2.) The court stated that Appellant's repeated nominal payments could not be cured by larger sporadic payments. The trial court also noted that falling further behind in his payments was problematic, as his arrearage had already reached $42,069.99 as of May, 2015. (6/2/15 J.E., p. 1.) We agree with the trial court. Appellant's incomplete and sporadic payments are not enough to demonstrate substantial compliance.

{¶22} Appellant also argues that inability to pay is a defense to a contempt charge. See *Liming, supra*. However, the burden of proving such inability to pay is

held by the contemnor.  *Id.* at ¶ 20, citing *State ex rel. Cook v. Cook,* 66 Ohio St. 566, 570, 64. N.E. 567 (1902).  The contemnor "must go beyond a mere assertion of inability and satisfy his burden of production on the point by introducing evidence in support of his claim."  *Liming, supra,* at ¶ 21, citing *U.S. v. Hayes,* 722 F.2d 723, 725 (11th Cir.1984); *U.S. v. Rylander,* 460 U.S. 752, 757, 103 S.Ct. 1548, 75 L.Ed. 521 (1983).

**{¶23}** When assessing a contemnor's defense of an alleged inability to pay, "the trial court is in the best position to evaluate the credibility of the alleged contemnor in that regard and this court will not substitute its judgment for that of the trial court in such a situation."  *Kachmar v. Kachmar,* 7th Dist. No. 12 MA 179, 2014-Ohio-652, ¶ 15, citing *Anderson v. Anderson,* 7th Dist. No. 96 CO 21, 1998 WL 841068, *4 (Dec. 1, 1998).

**{¶24}** Appellant testified at the June 26, 2014 hearing that he earned approximately $700-$800 per month.  (6/26/14 Hrg. Tr., p. 30.)  He stated that he had a potentially cancerous tumor, but did not believe that it would prevent him from working.  He testified that he is self-employed as a barber and does not have to pay rent because he cuts his client's hair at their houses.  According to a March 18, 2014 judgment entry, Appellant previously testified that his wife is employed as a teacher.  He stated that they have a mortgage on their home but did not state what is owed on the mortgage.  He also stated that his wife owns a car but did not say whether the car was being financed.  He further testified that he and his current wife have two minor children.  However, the only physical evidence he presented as to his income or bills

is a May 9, 2015 letter from the "Pita Wrap" stating that Appellant has obtained supplemental employment with their company and that he earns $8.50 per hour. The letter also states that the company will deduct $286 per month from his pay for purposes of his child support obligations.

{¶25} Based on this limited evidence, Appellant has not met his burden of proof. Appellant has failed to provide any documentary evidence demonstrating an inability to pay child support. He testified that he earns $700-800 income in addition to his wife's employment and failed to present any evidence as to why he cannot afford his $286 monthly child support obligation. Additionally, although the trial court informed him on several occasions to seek modification of his child support obligation in a New York court, Appellant apparently has not done so. He claimed to have filed paperwork to modify his obligations with a New York court on several occasions; however, he admitted in March of 2015 that he had not yet filed.

{¶26} As to the second and third purge conditions, Appellant attempted to satisfy only the condition that he obtain supplemental employment. Although he did obtain supplemental employment, the trial court determined that it was insufficient. The court explained that despite having two sources of income, Appellant was apparently still unable to meet his obligations. As to the third condition, Appellant had not established a bank account for the withholding of child support payments. It was not until March 9, 2015, after the trial court's decision, that Appellant established this account.

**{¶27}** As Appellant failed to produce evidence demonstrating an inability to pay and he has failed to substantially comply with his child support obligations, we find that the trial court did not abuse its discretion in sentencing him to a thirty-day jail sentence. Accordingly, Appellant's sole assignment of error is without merit and is overruled.

## Conclusion

**{¶28}** Appellant argues that the trial court abused its discretion when it found that he had not purged himself of contempt and imposed a thirty-day jail sentence. As Appellant failed to timely purge himself of contempt, the trial court did not abuse its discretion in imposing a thirty-day jail sentence. Accordingly, Appellant's arguments are without merit and the judgment of the trial court is affirmed.

Donofrio, P.J., concurs.

DeGenaro, J., concurs.