[Cite as *T.R.H. v. A.D.H.*, 2021-Ohio-3036.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| T.R.H., | : | |
| Petitioner-Appellee, | : | No. 110213 |
| v. | : | |
| A.D.H., | : | |
| Petitioner-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART AND REMANDED
**RELEASED AND JOURNALIZED:** September 2, 2021

Civil Appeal from the Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-10-333822

### *Appearances:*

Robert J. Vecchio Co., L.P.A., and Robert J. Vecchio, *for appellee.*

Zashin & Rich Co., L.P.A., and Amy M. Keating; Demer & Marniella, L.P.A., and James A. Marniella; Nancy H. Donnelly, *for appellant.*

ANITA LASTER MAYS, P.J.:

{¶ 1} Petitioner-appellant A.D.H. ("Husband") appeals the trial court's decision of finding him in contempt of a court order and requiring him to pay

petitioner-appellee T.R.H.'s ("Wife") attorney fees. In addition to asking this court to vacate the trial's court decision, Husband also requests this court to remand to the trial court to recalculate child support and child support arrearage. We affirm the trial court's decision, but remand for the limited purpose to determine the date of modification.

## I.    Facts and Procedural Posture

{¶ 2} Husband and Wife finalized their dissolution of marriage on December 9, 2010. By an agreed upon judgment entry issued on March 21, 2012, the parties resolved various issues that arose between the parties during 2011 and 2012 regarding Husband's failure to pay child support and adopted the 2010 Shared Parenting Plan ("SPP").

{¶ 3} Throughout the years, Husband and Wife exchanged various emails pertaining to alleged unpaid expenses for the two minor children. However, on March 22, 2019, Wife filed three motions. The trial court identified the motions as: (1) motion to show cause for property, (2) motion to show cause for nonpayment of medical expenses, and (3) motion for attorney fees. Wife alleged that Husband failed to pay one-half of the private school tuition, activity fees, and medical and dental expenses for their minor children.

{¶ 4} On July 11, 2019, in response, Husband filed a motion to show cause, a motion to modify support, and a motion for attorney fees. Husband argued that Wife failed to provide annual W-2's and notice of a change in income as required by

the March 2012 order. Husband also requested a reduction in his child support obligations based on the disparity of the income between Husband and Wife.

{¶ 5} On December 10, 2019, Wife filed another motion to show cause for nonpayment of child support and that Husband failed to provide income information required by the March 2012 order. On January 14, 2020, Husband filed a motion in response to Wife's motion, arguing that Wife failed to produce tax records for 2013 through 2017.

{¶ 6} The motions were heard by a magistrate on February 4 and 5, 2020, who issued a decision on April 28, 2020. On May 7, 2020, and June 25, 2020, Husband filed preliminary and supplemental objections to the magistrate's decisions. On December 11, 2020, the trial court adopted but modified the magistrate's decision, granting Wife's motions to show cause and nonpayment of medical expenses. Husband was ordered to pay $44,568.04. The trial court also found Husband in contempt of court for failing to comply with the terms of the prior court order, where he was instructed to pay one-half of the private school tuition for the children. The trial court sentenced Husband to 20 days in jail for contempt that could be purged by paying Wife $5,000 within 60 days of the judgment entry.

{¶ 7} On March 22, 2019, Wife's motion for attorney fees was granted and Husband was ordered to pay $8,125 of Wife's attorney fees. On July 11, 2019, the court granted Husband's motion to modify support and ordered him to pay $348.76 per month, per child. Husband's other motions were denied. Husband filed this appeal, assigning seven errors for our review:

I.    The trial court abused its discretion by finding that Husband violated the shared parenting agreement [or S.P.P.] between the parties;

II.   The trial court erred and abused its discretion by finding Husband in contempt of court;

III.  The trial court erred by holding that Wife's motion to show cause was not barred by the doctrine of laches;

IV.   The trial court abused its discretion by denying Husband's motion to show cause identifying Wife's failure to report income as required by a prior court order;

V.    The trial court abused its discretion by ordering Husband to pay attorney fees to Wife;

VI.   The trial court abused its discretion by modifying child support without regard to Husband's income; and,

VII.  The trial court abused its discretion by denying a deviation from the support guidelines based upon the relative income of the parties.

## II.    Violation of S.P.P. and Contempt of Court

### A.    Standard of Review

{¶ 8}    The trial court found that Husband violated the S.P.P. between Husband and Wife, and found him in contempt of court. "'The purpose of contempt proceedings is to secure the dignity of the courts and the uninterrupted and unimpeded administration of justice.'" *K.M.M. v. A.J.T.*, 8th Dist. Cuyahoga No. 109815, 2021-Ohio-2452, ¶ 22, quoting *Windham Bank v. Tomaszczyk*, 27 Ohio St.2d 55, 271 N.E.2d 815 (1971), paragraph two of the syllabus. "'Therefore, since the primary interest involved in a contempt proceeding is the authority and proper functioning of the court, great reliance should be placed upon the discretion of the

trial judge.'" *Id.*, quoting *Denovchek v. Bd. of Trumbull Cty. Commrs.*, 36 Ohio St.3d 14, 16, 520 N.E.2d 1362 (1988).

{¶ 9} "A court has authority to enforce its orders through contempt sanctions." *Vail v. String*, 8th Dist. Cuyahoga No. 107112, 2019-Ohio-984, ¶ 42. "Contempt is 'a disregard of, or disobedience to, an order or command of judicial authority.'" *Id.*, quoting *Kapadia v. Kapadia*, 8th Dist. Cuyahoga No. 96910, 2012-Ohio-808, ¶ 26. "Disobedience of a lawful court order is punishable as contempt." *Id. See* R.C. 2705.02(A). "To support a finding of contempt, the moving party must establish by clear and convincing evidence: (1) the existence of a valid court order, (2) that the offending party had knowledge of the order, and (3) that the offending party violated the order." *Id.*, citing *In re K.B.*, 8th Dist. Cuyahoga No. 97991, 2012-Ohio-5507, ¶ 11.

{¶ 10} "Clear and convincing evidence is that measure or degree of proof that produces in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Id.*, citing *Cross v. Ledford*, 161 Ohio St. 469, 120 N.E.2d 118 (1954), paragraph three of the syllabus; *Phelps v. Saffian*, 8th Dist. Cuyahoga No. 106475, 2018-Ohio-4329, ¶ 53; *In re Contempt of Tracy Digney*, 2015-Ohio-4278, 45 N.E.3d 650, ¶ 8 (8th Dist.).

{¶ 11} "Accordingly, an appellate court will not disturb the trial court's decision in contempt proceedings absent an abuse of discretion." *K.M.M.* at ¶ 23, citing *State ex rel. Celebrezze v. Gibbs*, 60 Ohio St.3d 69, 75, 573 N.E.2d 62 (1991). "An abuse of discretion implies the court's attitude is unreasonable, arbitrary, or

unconscionable." *Id.*, quoting *In re E.M.D.*, 8th Dist. Cuyahoga No. 108164, 2019-Ohio-4680, ¶ 6.

### B. Law and Analysis

{¶ 12} In Husband's first two assignments of error, he argues that the trial court abused its discretion by finding that he violated the S.P.P., which resulted in the trial court finding Husband in contempt of court. The S.P.P. contained a provision that Husband was responsible for pay one-half of minor child's tuition to private school. Husband acknowledged the provision, but testified that he did not know why the tuition was included in the agreement because he could not afford it. (Tr. 138.)

{¶ 13} In this instant appeal, Husband argues that he was unable to pay, and inability to pay is a defense to a charge of contempt. *See, e.g., Zifer v. Huffman*, 2018-Ohio-322, 104 N.E.3d 913, ¶ 30 (5th Dist.). "However, the burden of proving such inability to pay is held by the contemnor." *Seoud v. Bessil*, 7th Dist. Mahoning No. 15 MA 0090, 2016-Ohio-8415, ¶ 22. Husband "cannot shield himself from a finding of contempt by making mere allegations he is unable to pay, without any supporting evidentiary material." *Huffman* at ¶ 30. Husband "'must go beyond a mere assertion of inability and satisfy his burden of production on the point by introducing evidence in support of his claim.'" *Bessil* at ¶ 22, quoting *Liming v. Damos*, 133 Ohio St.3d 509, 2012-Ohio-4783, 979 N.E.2d 297, ¶ 21.

{¶ 14} Husband contends that the emails between Husband and Wife are evidence that he was unaware he was expected to pay his share of the private school

tuition. He argues that Wife would merely communicate the cost of tuition, but never demanded money. Husband also asserts that he could not afford the tuition because, in one year, the tuition bill exceeded his gross income. However, Husband did not file a motion to modify the S.P.P. Additionally, Husband did not produce any income information to Wife prior to the hearings, in accordance with the S.P.P., although Husband contends that Wife knew he was unable to afford the tuition bill.

{¶ 15} Husband also testified, at the hearing, that he was aware that he agreed to pay one-half of his daughter's tuition bill for each year that she attended private school, and that he did not pay the tuition from 2011-2019. (Tr. 32.) He also testified that he knew that he was ordered by the court to pay one-half of the tuition bill, and also that he violated the court order. (Tr. 33.) Husband also acknowledged that he received emails from Wife asking for one-half of the tuition. (Tr. 36.)

{¶ 16} Because of Husband's testimony and acknowledgment, the trial court held:

> While [Husband] did indeed testify later that he didn't know why the Laurel School tuition provision was included in the Shared Parenting Agreement, as he asserts in his objection, this testimony does not negate the fact that he also testified to the fact that he did indeed violate that provision. Moreover, as discussed above in regard to [Husband's] inability defense, the fact that [Husband] now regrets agreeing to a provision (or cannot remember why that provision was included) in the parties' Shared Parenting Plan, while represented by counsel, does not now relieve him of that obligation.

Judgment entry No. 115405031, p. 7-8 (Dec. 11, 2020).

{¶ 17} Husband, "[a]t a minimum, * * * should present evidence he had made a good-faith effort to comply with the court's order." *Huffman*, 2018-Ohio-

322, 104 N.E.3d 913, at ¶ 30.  Husband did not present such evidence.  Husband's testimony demonstrates that he was aware of the court order and chose to ignore it, thereby violating the S.P.P.  "Disobedience of a court order is the definition of contempt of court."  *Witzmann v. Adam*, 2d Dist. Montgomery No. 23352, 2011-Ohio-379, ¶ 45, citing *Denovchek,* 36 Ohio St.3d 14, 15, 520 N.E.2d 1362.

**{¶ 18}** Therefore, we determine that the trial court did not abuse its discretion and Husband's first and second assignments of error are overruled.

## III.   Doctrine of Laches

### A.      Standard of Review

**{¶ 19}** "Because laches is a component of equity, we review claimed error in the application of the doctrine for an abuse of discretion."  *Sobin v. Lim*, 2012-Ohio-5544, 984 N.E.2d 335, ¶ 17 (8th Dist.), citing *Payne v. Cartee*, 111 Ohio App.3d 580, 590, 676 N.E.2d 946 (4th Dist.1996).

**{¶ 20}** An abuse of discretion implies the court's attitude is unreasonable, arbitrary, or unconscionable.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

### B.      Law and Analysis

**{¶ 21}** In Husband's third assignment of error, he argues that the trial court erred by holding that Wife's show cause motion was not barred by the doctrine of laches.  The trial court stated:

> [Husband's] fifth objection asserts that the Magistrate erred in not
> applying the doctrine of laches to bar [Wife's] claim for private school
> tuition.  * * *  Finally, even if [Husband] is correct that [Wife's]

motivation for filing her Motion to Show Cause is improper, he has failed to prove the other necessary elements to avail himself of the equitable defense of laches. He has not shown an unreasonable delay in asserting the claim, he has failed to show that [Wife] had any actual or constructive knowledge of any injury, and he has failed to show that he was prejudiced in any way. The Court finds no error in the Magistrate's analysis of [Husband's laches defense, and [Husband's] fifth objection is therefore overruled.

Judgment entry No. 115405031, p. 8, 11 (Dec. 11, 2020).

{¶ 22} "Laches is an equitable doctrine that bars the delayed assertion of claims when the delay has caused circumstances to change so much that it is no longer just to grant the plaintiff's claim." *Lim*, 2012-Ohio-5544, 984 N.E.2d 335, at ¶ 17 (8th Dist.). "The elements of a laches defense are '(1) unreasonable delay or lapse of time in asserting a right, (2) absence of an excuse for the delay, (3) knowledge, actual or constructive, of the injury or wrong, and (4) prejudice to the other party.'" *Id.*, quoting *Portage Cty. Bd. of Commrs. v. Akron*, 109 Ohio St.3d 106, 2006-Ohio-954, 846 N.E.2d 478, ¶ 81.

{¶ 23} Husband contends that Wife's failure to seek tuition from him over the years caused him to believe that he was not responsible for payment of tuition. He also argues that Wife was aware he was unable to pay the tuition bill because of a lack of money. He also claims that Wife continued to enroll the child in private school without any support from him. Husband argues that the doctrine of laches applies because Wife waited for eight years to file her motion.

{¶ 24} Husband argues that he was prejudiced by Wife's inaction because he was prevented from seeking judicial intervention before the tuition expense

incurred. However, at the magistrate's hearing, Husband agreed that he could have filed a motion with the court to modify the child support and tuition payments. (Tr. 45.) He also stated that he had access to legal counsel and that he understood he had the right to file the motion to modify. *Id.* Because of Husband's testimony, he has not demonstrated that he was prejudiced by Wife's actions.

{¶ 25} Our decision in *State ex rel. Cuyahoga Child Support Enforcement Agency v. Sanders*, 8th Dist. Cuyahoga No. 72428, 1998 Ohio App. LEXIS 1416 (Apr. 2, 1998), stated:

> A parent who has been ordered by the court to make child support payments is aware not only of the natural and statutory obligations to support minor children but also of the extent of that obligation as fixed by the court. His failure to heed his obligations does not excuse him from those duties nor does it provide him with a basis for claiming prejudice when he is called to account.

{¶ 26} Therefore, the trial court did not abuse its discretion by not applying the doctrine of laches, and Husband's third assignment of error is overruled.

## IV. Denial of Show-Cause Motion

### A. Standard of Review

{¶ 27} "Our standard of reviewing a court's decision on a show-cause motion is the abuse of discretion standard." *AultCare Corp. v. Roach*, 5th Dist. Stark No. 2008-CA-00051, 2009-Ohio-948, ¶ 7, citing *State ex rel. Delco Moraine Div. [Gen. Motors Corp.] v. Indus. Comm. of Ohio*, 48 Ohio St.3d 43, 549 N.E.2d 162 (1990). An abuse of discretion implies the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore,* 5 Ohio St.3d at 219, 450 N.E.2d 1140.

**B. Law and Analysis**

{¶ 28} In Husband's fourth assignment of error, he argues that the trial court abused its discretion by denying his motion to show cause, where he identified Wife's failure to report her income as required by a prior court order. The trial court stated:

> [Husband's] seventh objection is that the Magistrate erred in denying [Husband's] Motion to Show Cause based on [Wife's] failing to report her income as required by the March 21, 2012, Agreed Judgment Entry. [Husband] argues that the Magistrate erred in applying the doctrine of "unclean hands" in denying his Motion to Show Cause, by pointing out that both parties failed to exchange evidence of their income yearly and thus technically violated the March 21, 2012 Agreed Judgment Entry. [Husband] ignores the fact that the Magistrate explicitly stated in his decision that [Husband] is correct that unclean hands is not a defense to a motion to show cause. The Magistrate's finding here is not based upon unclean hands, but that both parties equally purged their contempt prior to trial by exchanging income information for all relevant years. Thus, the Magistrate declined to hold either party in contempt. It is within the discretion of the Court to decline to punish for contempt, even when there is evidence of guilt. [Husband] has not shown that he was damaged in any way by [Wife's] failing to disclose her income as required. As such, the Magistrate did not err in declining to punish either party for their contempt. [Husband's] seventh objection is therefore overruled.

Judgment entry No. 115405031, p. 12 (Dec. 11, 2020).

{¶ 29} Both Husband and Wife failed to report their income in agreement with the S.P.P. and testified that they simply forgot. (Tr. 44.). However, prior to trial, Husband and Wife exchanged their income information. Because Wife performed the action of exchanging her income information prior to trial, she cured her contempt of court. *See, e.g., Merritt v. Merritt*, 10th Dist. Franklin No. 91AP-

1372, 1992 Ohio App. LEXIS 2529 (May 12, 1992). ("A defendant cannot be held in contempt if he has purged himself prior to being found in contempt * * *.").

{¶ 30} Therefore, Husband's fourth assignment of error is overruled.

## V. Attorney Fees

### A. Standard of Review

{¶ 31} "We review the trial court's decision to award attorney fees for a clear abuse of discretion." *Bain v. Levinstein*, 8th Dist. Cuyahoga No. 94313, 2010-Ohio-5596, ¶ 15, citing *Szymczak v. Szymczak*, 136 Ohio App.3d 706, 737 N.E.2d 980 (8th Dist.2000). An abuse of discretion implies the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore,* 5 Ohio St.3d at 219, 450 N.E.2d 1140.

### B. Law and Analysis

{¶ 32} In Husband's fifth assignment of error, he argues that the trial court abused its discretion by ordering him to pay Wife's attorney fees. Specifically, Husband contends that because the trial court erred in finding him in contempt, the award of attorney fees was improper. Wife's attorney fees were over $24,000. However, the trial court awarded her $8,125, to reflect only the time spent working on Wife's motion to show cause.

{¶ 33} The trial court stated:

> As already addressed above, the Court finds that the Magistrate did not err in finding [Husband] in contempt for his failure to pay tuition fees. Therefore, the Magistrate properly determined that [Wife] should be entitled to attorney fees related to her prosecution of that motion. [Husband's] sixth objection is therefore overruled.

Judgment entry No. 115405031, p. 11 (Dec. 11, 2020).

**{¶ 34}** R.C. 3105.73(B) states:

In any post-decree motion or proceeding that arises out of an action for divorce, dissolution, legal separation, or annulment of marriage or an appeal of that motion or proceeding, the court may award all or part of reasonable attorney's fees and litigation expenses to either party if the court finds the award equitable. In determining whether an award is equitable, the court may consider the parties' income, the conduct of the parties, and any other relevant factors the court deems appropriate, but it may not consider the parties' assets.

**{¶ 35}** R.C. 3109.05(C) states:

If any person required to pay child support under an order made under division (A) of this section on or after April 15, 1985, or modified on or after December 1, 1986, is found in contempt of court for failure to make support payments under the order, the court that makes the finding, in addition to any other penalty or remedy imposed, shall assess all court costs arising out of the contempt proceeding against the person and require the person to pay any reasonable attorney's fees of any adverse party, as determined by the court, that arose in relation to the act of contempt and, on or after July 1, 1992, shall assess interest on any unpaid amount of child support pursuant to section 3123.17 of the Revised Code.

**{¶ 36}** The trial court, in accordance with R.C. 3105.73(B) and 3109.05(C), ordered Husband to pay Wife's attorney fees because he was found in contempt of court. *See Briggs v. Moelich*, 8th Dist. Cuyahoga No. 97001, 2012-Ohio-1049, ¶ 33, quoting *Peach v. Peach*, 8th Dist. Cuyahoga Nos. 82414 and 82500, 2003-Ohio-5645, ¶ 37. ("'[T]rial courts have discretion to award reasonable attorney's fees against a party found guilty of civil contempt, even in the absence of a statute specifically authorizing the award.'"); *In re I.L.J.*, 8th Dist. Cuyahoga No. 109564, 2020-Ohio-5434, ¶ 19 ("* * * when a party is found in contempt for failure to make support payments, * * * the court shall require the party to pay any reasonable

attorney fees of any adverse party, as determined by the court, that arose in relation to the act of contempt.").

{¶ 37} Husband argues that the disparity of the incomes between Husband and Wife should preclude him from paying Wife's attorney fees. However, the trial court is not required to consider Wife's ability to pay. The trial court only awarded attorney fees for the time spent litigating the motion to show cause. "'A trial court may award attorney fees as part of the costs in a contempt action.'" *Sagan v. Tobin*, 8th Dist. Cuyahoga No. 86792, 2006-Ohio-2602, ¶ 52, quoting *Villa v. Villa*, 8th Dist. Cuyahoga No. 72709, 1998 Ohio App. LEXIS 2171 (May 14, 1998).

{¶ 38} Therefore, Husband's fifth assignment of error is overruled.

## VI. Motion to Modify Child Support

### A. Standard of Review

{¶ 39} "A trial court's decision regarding child support obligations falls within the discretion of the trial court and will not be disturbed absent a showing of an abuse of discretion." *J.E.M. v. D.N.M.*, 8th Dist. Cuyahoga No. 109532, 2021-Ohio-67, ¶ 22, citing *Booth v. Booth*, 44 Ohio St.3d 142, 144, 541 N.E.2d 1028 (1989). "More specifically, we review a trial court's child support modification order for an abuse of discretion." *Id.*, citing *Morrow v. Becker*, 138 Ohio St.3d 11, 2013-Ohio-4542, 3 N.E.3d 144, ¶ 9. "An 'abuse of discretion' occurs where the court's decision is unreasonable, arbitrary, or unconscionable." *Id.*, citing *Blakemore*, 5 Ohio St.3d at 219, 450 N.E.2d 1140 (1983). "The trial court has considerable discretion in child

support matters; absent an abuse of discretion, we will not disturb a child support order." *Id.*, citing *Pauly v. Pauly*, 80 Ohio St.3d 386, 390, 686 N.E.2d 1108 (1997).

**B.    Law and Analysis**

{¶ 40} In Husband's sixth assignment of error, he argues that the trial court abused its discretion by modifying child support without regard to his income. Husband claims that the magistrate's decision to make the child support modifications retroactive to July 11, 2019, based on a salary that Husband did not receive until November 1, 2019, was not supported by the evidence.  By mistake, the trial court agreed that the modification shall be effective on April 27, 2020, the date of the magistrate's decision, instead of the date Husband filed the motion.  Husband also argued that a further modification is in order due to a job layoff on March 23, 2020, due to COVID.  The court advised Husband that he would need to file a new motion to modify but that a future modification based on the COVID layoff will be retroactive to May 7, 2020, the date Husband advised the trial court of the layoff.

{¶ 41} Husband also argues that the trial court incorrectly ordered two different effective dates for the child support modification:  July 11, 2019, and April 27, 2020.  Wife concedes that the trial court may have made a clerical error.

{¶ 42} Husband filed his motion to modify child support on July 11, 2019. Husband argues that he filed his motion based on the change of circumstances resulting from Wife's job that she started in 2014.  However, Husband is only entitled to a modification retroactive to the date he filed the motion.  "Absent some special circumstances which justify a different date, a party seeking modification of

a support order is entitled to have the modification relate back to the date the motion to modify was filed." *Davis v. Dawson*, 8th Dist. Cuyahoga No. 87670, 2006-Ohio-4260, ¶ 8, citing *Murphy v. Murphy*, 13 Ohio App.3d 388, 389 469 N.E.2d 564 (10th Dist.1984), and *State ex rel. Draiss v. Draiss*, 70 Ohio App.3d 418, 420-421, 591 N.E.2d 354 (9th Dist.1990). "If the trial court decides in its discretion that the order should not be retroactive to the date of the motion, it must state its reasons." *Id.*, citing *Oatey v. Oatey*, 8th Dist. Cuyahoga Nos. 67809 and 67973, 1996 Ohio App. LEXIS 1685 (Apr. 25, 1996).

{¶ 43} Other than a change in Wife's employment, Husband does not argue a special circumstance that would justify a different date for the modification. The trial court, in its discretion, decided that the Wife's employment was not a special circumstance, and Husband has not demonstrated that the trial court's decision was unreasonable, arbitrary, or unconscionable.

{¶ 44} Therefore, Husband's sixth assignment of error is overruled, but remanded to the trial court to incorporate, nunc pro tunc, the correct date to accurately reflect the date of the child support modification.

{¶ 45} In Husband's seventh assignment of error, he argues that the trial court abused its discretion by denying a deviation from the support guidelines based upon the relative income of the parties. Husband was found to be in contempt of court for failing to pay child support in accordance with the S.P.P. Husband did not file a motion to modify support until 2019, although the S.P.P. was agreed upon in 2010.

**{¶ 46}** Husband specifically argues that over the past nine years there was a significant disparity of income between Husband and Wife. Husband contends that he is unemployed and collecting unemployment so the child support order must be recalculated. After reviewing the R.C. 3119.23 factors relied on by the magistrate and the supporting evidence, the trial court stated:

> The Magistrate is correct that the child support guidelines take into account the disparity in income by dividing the child support figures along the percentage of income share, with [Wife] ultimately being responsible for the larger share of the cost of raising the children. [Husband] has provided no argument which would support a finding that his child support obligation is unjust, inappropriate or not in the best interests of the remaining minor child of the parties.

Judgment entry No. 115405031, p. 15 (Dec. 11, 2020).

**{¶ 47}** The trial court modified Husband's future child support payments to $348.76 per month, per child, totaling $8,370.24 a year. The trial court's award demonstrates that Husband's and Wife's income were considered.

**{¶ 48}** Husband is also arguing that he wants the court to retroactively modify the child support to 2014. However, "[a] court may not retroactively modify child support or arrearages, absent fraud." *Slowbe v. Slowbe*, 8th Dist. Cuyahoga No. 83079, 2004-Ohio-2411, ¶ 48. "Except as provided in section 3119.84 of the Revised Code, a court or child support enforcement agency may not retroactively modify an obligor's duty to pay a delinquent support payment." *Id.*, citing R.C. 3119.83.

**{¶ 49}** Therefore, Husband's seventh assignment of error is overruled.

**{¶ 50}** Judgment affirmed. Case is remanded for the limited purpose of having the trial court incorporate, nunc pro tunc, the correct date to accurately reflect the date of the child support modification.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, domestic relations division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
ANITA LASTER MAYS, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
EILEEN A. GALLAGHER, J., CONCUR